IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS C. PORTA, et al., and ANDREW D. BARTH, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 05-14210C & No. 05-759C CONSOLIDATED (Judge Firestone) |

DEFENDANT'S ANSWER

For its answer to the "FIRST AMENDED COMPLAINT" filed by certain plaintiffs on September 6, 2005, regarding those plaintiffs who filed the "FIRST AMENDED COMPLAINT," defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in the first and second sentences of paragraph 1. The allegations contained in the third sentence of paragraph 1 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law, and plaintiffs' characterization of their

case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first sentence of paragraph 4 that plaintiff Manuel A. Alvarez is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 4 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 4.

5. Admits the allegations contained in the first sentence of paragraph 5 that plaintiff Andrew D. Barth is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 5 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 that plaintiff Josh A. Bianchi is employed by the

Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 6 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 6.

7. Admits the allegations contained in the first sentence of paragraph 7 that plaintiff Jose A. Castillo is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 7 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8 that plaintiff Brian J. Chang is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second

sentence of paragraph 8 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 that plaintiff John E. Colson is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 9 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 that plaintiff Fernando De La Riva is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 10 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11 that plaintiff Arturo Delcueto is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 11 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12 that plaintiff Juan G. Delgadillo is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 12 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 that plaintiff Alfredo Delgado is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 13 for

lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 13 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 13.

14. Admits the allegations contained in the first sentence of paragraph 14 that plaintiff James Dugos is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 14 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 14.

15. Admits the allegations contained in the first sentence of paragraph 15 that plaintiff Samuel E. Estrada is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 15 to the extent that they are supported by the document cited, which is the best evidence of

its contents; otherwise denies the allegations contained in the second sentence of paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16 that plaintiff Jorge L. Fernandez is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 16 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17 that plaintiff Christopher M. Fuhrmann is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 17 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18 that plaintiff Ernesto A. Gardea-Fernandez is

employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 18 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19 that plaintiff William A. Gay is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 19 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 that plaintiff James R. Gonzalez is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the

second sentence of paragraph 20 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 20.

21. Admits the allegations contained in the first sentence of paragraph 21 that plaintiff James Gotshaw is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 21 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 21.

22. Admits the allegations contained in the first sentence of paragraph 22 that plaintiff Matthew J. Grupe is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 22 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 22.

23. Admits the allegations contained in the first sentence of paragraph 23 that plaintiff Christopher Hallatt is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 23 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 23.

24. Admits the allegations contained in the first sentence of paragraph 24 that plaintiff John T. Hartmann is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 24 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 24.

25. Admits the allegations contained in the first sentence of paragraph 25 that plaintiff Christopher G. Heitz is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph

25 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 25 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 25.

26. Admits the allegations contained in the first sentence of paragraph 26 that plaintiff Richard G. Hynes is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 26 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 26.

27. Admits the allegations contained in the first sentence of paragraph 27 that plaintiff Todd W. Johnson is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 27 to the extent that they are supported by the document cited, which is the best evidence of its contents;

otherwise denies the allegations contained in the second sentence of paragraph 27.

28. Admits the allegations contained in the first sentence of paragraph 28 that plaintiff Jeremy Kite is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 28 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 28.

29. Admits the allegations contained in the first sentence of paragraph 29 that plaintiff William P. Laney is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 29 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 29.

30. Admits the allegations contained in the first sentence of paragraph 30 that plaintiff Jennifer Lembke is employed by the

Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 30 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 30.

31. Admits the allegations contained in the first sentence of paragraph 31 that plaintiff Jason Maples is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 31 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 31.

32. Admits the allegations contained in the first sentence of paragraph 32 that plaintiff Viktor A. Martinez is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the

second sentence of paragraph 32 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 32.

33. Admits the allegations contained in the first sentence of paragraph 33 that plaintiff Carlos R. Martos is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 33 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 33.

34. Admits the allegations contained in the first sentence of paragraph 34 that plaintiff Michael T. McCue is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 34 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 34.

35. Admits the allegations contained in the first sentence of paragraph 35 that plaintiff Ramiro Mejia is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 35 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 35.

36. Admits the allegations contained in the first sentence of paragraph 36 that plaintiff Maribel R. Meranza is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 36 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 36.

37. Admits the allegations contained in the first sentence of paragraph 37 that plaintiff Tracy Middleton is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 37 for

lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 37 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 37.

38. Admits the allegations contained in the first sentence of paragraph 38 that plaintiff Roberto Miranda is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 38 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 38.

39. Admits the allegations contained in the first sentence of paragraph 39 that plaintiff Michael R. Nimmo is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 39 to the extent that they are supported by the document cited, which is the best evidence of

its contents; otherwise denies the allegations contained in the second sentence of paragraph 39.

40. Admits the allegations contained in the first sentence of paragraph 40 that plaintiff Enrique R. Nuno is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 40 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 40.

41. Admits the allegations contained in the first sentence of paragraph 41 that plaintiff Julian A. Olivarez is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 41 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 41.

42. Admits the allegations contained in the first sentence of paragraph 42 that plaintiff Jesus S. Padilla is employed by

the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 42 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 42.

43. Admits the allegations contained in the first sentence of paragraph 43 that plaintiff Stephen B. Potter is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 43 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 43.

44. Admits the allegations contained in the first sentence of paragraph 44 that plaintiff Anthony T. Purkett is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the

second sentence of paragraph 44 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 44.

45. Admits the allegations contained in the first sentence of paragraph 45 that plaintiff Brian S. Reed is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 45 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 45.

46. Admits the allegations contained in the first sentence of paragraph 46 that plaintiff Brian K. Robinson is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 46 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 46.

47. Admits the allegations contained in the first sentence of paragraph 47 that plaintiff Nabor N. Rodriguez is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 47 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 47.

48. Admits the allegations contained in the first sentence of paragraph 48 that plaintiff Daniel Sandez is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 48 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 48.

49. Admits the allegations contained in the first sentence of paragraph 49 that plaintiff Brent Schroeder is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 49 for

lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 49 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 49.

50. Admits the allegations contained in the first sentence of paragraph 50 that plaintiff Alexander J. Seigla is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 50 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 50.

51. Admits the allegations contained in the first sentence of paragraph 51 that plaintiff Alejandro Sotelo is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 51 to the extent that they are supported by the document cited, which is the best evidence of

its contents; otherwise denies the allegations contained in the second sentence of paragraph 51.

52. Admits the allegations contained in the first sentence of paragraph 52 that plaintiff Beau J. Stover is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 52 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 52.

53. Admits the allegations contained in the first sentence of paragraph 53 that plaintiff Tim J. Tucciarone is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 53 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 53.

54. Admits the allegations contained in the first sentence of paragraph 54 that plaintiff Ramon Velarde, Jr., is employed by

the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 54 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 54.

55. Admits the allegations contained in the first sentence of paragraph 55 that plaintiff Octavio C. Vidrio is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 55 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 55.

56. Admits the allegations contained in the first sentence of paragraph 56 that plaintiff Grant M. Wachob is employed by the Government as a Border Patrol Agent. Denies the remainder of the allegations contained in the first sentence of paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second

sentence of paragraph 56 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 56.

57. The allegations contained in paragraph 57 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the only proper defendant in this case is the United States.

58. The allegations contained in paragraph 58 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. Admits the allegations contained in paragraph 59 regarding plaintiffs’ employment to the extent admitted in paragraphs 4 through 56. Denies the remainder of the allegations contained in paragraph 59.

60. The allegations contained in paragraph 60 constitute plaintiffs’ characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. Admits.

62. Admits.

63. Admits.

64. Admits the allegations contained in paragraph 64 as applied to plaintiffs Colson, De La Riva, Fuhrmann, Hallatt,

Hartmann, Heitz, Martinez, McCue, Mejia, Padilla, Velarde, Vidrio, and Wachob; avers that plaintiff Barth was employed on or about July 27, 2003, plaintiff Gotshaw was employed on or about June 3, 2001, plaintiff Lembke was employed on or about July 21, 2003, plaintiff Purkett was employed on or about May 18, 2003, plaintiff Schroeder was employed on or about November 3, 2002, and plaintiff Tucciarone was employed on or about September 8, 2002.

65. Admits.

66. Admits.

67. Admits the allegations contained in paragraph 67 to the extent that plaintiffs named in paragraph 67 attended entry-level training for six 8-hour days per week; avers that the training occurred between July 17, 2003 and November 1, 2003.

68. Admits the allegations contained in paragraph 68 to the extent that plaintiffs named in paragraph 68 attended entry-level training for six 8-hour days per week; avers that the training occurred between October 9, 2003 and February 4, 2004.

69. Admits the allegations contained in paragraph 69 to the extent that plaintiffs named in paragraph 69 attended entry-level training for six 8-hour days per week; avers that the training occurred between January 8, 2004 and April 24, 2004.

70. Admits the allegations contained in paragraph 70 to the extent that plaintiffs named in paragraph 70 attended entry-level

training for six 8-hour days per week; avers that the training occurred between February 5, 2004 and May 21, 2004.

71. The allegations contained in paragraph 71 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72. Denies; avers that plaintiffs were paid an annual salary, paid on a biweekly basis.

73. Admits the allegations contained in paragraph 73 that the Government did not pay plaintiffs named in paragraph 73 any overtime compensation for a sixth 8-hour day of entry-level training per week; avers that the training occurred between July 17, 2003 and November 1, 2003.

74. Admits the allegations contained in paragraph 74 that the Government did not pay plaintiffs named in paragraph 74 any overtime compensation for a sixth 8-hour day of entry-level training per week; avers that the training occurred between October 9, 2003 and February 4, 2004.

75. Admits the allegations contained in paragraph 75 that the Government did not pay plaintiffs named in paragraph 75 any overtime compensation for a sixth 8-hour day of entry-level training per week; avers that the training occurred between January 8, 2004 and April 24, 2004.

76. Admits the allegations contained in paragraph 76 that the Government did not pay plaintiffs named in paragraph 76 any overtime compensation for a sixth 8-hour day of entry-level training per week; avers that the training occurred between February 5, 2004 and May 21, 2004.

77. Defendant's responses to paragraphs 1 through 76 above are incorporated by reference.

78. Admits the allegations contained in paragraph 78 regarding plaintiffs' employment to the extent admitted in paragraphs 4 through 56. The remaining allegations contained in paragraph 78 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

79. The allegations contained in paragraph 79 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80. The allegations contained in paragraph 80 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83. Admits.

84. Admits the allegations contained in paragraph 84 that plaintiffs named in paragraph 84 were not compensated for hours of entry-level training over 40 per week; avers that the training occurred between July 17, 2003 and November 1, 2003. The remaining allegations contained in paragraph 84 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

85. Admits the allegations contained in paragraph 85 that plaintiffs named in paragraph 85 were not compensated for hours of entry-level training over 40 per week; avers that the training occurred between October 9, 2003 and February 4, 2004. The remaining allegations contained in paragraph 85 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

86. Admits the allegations contained in paragraph 86 that plaintiffs named in paragraph 86 were not compensated for hours of entry-level training over 40 per week; avers that the training occurred between January 8, 2004 and April 24, 2004. The remaining allegations contained in paragraph 86 constitute conclusions of law to which no answer is required; to the extent

they may be deemed allegations of fact, they are denied.

87. Admits the allegations contained in paragraph 87 that plaintiffs named in paragraph 87 were not compensated for hours of entry-level training over 40 per week; avers that the training occurred between February 5, 2004 and May 21, 2004. The remaining allegations contained in paragraph 87 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

88. The allegations contained in paragraph 88 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

89. The allegations contained in paragraph 89 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

90. Defendant’s responses to paragraphs 1 through 89 above are incorporated by reference.

91. The allegations contained in paragraph 91 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

92. Admits the allegations contained in paragraph 92 regarding plaintiffs’ employment to the extent admitted in paragraphs 4 through 56. The remaining allegations contained in paragraph 92 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact,

they are denied.

93. The allegations contained in paragraph 93 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

94. The allegations contained in paragraph 94 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

96. Admits the allegations contained in paragraph 96 regarding plaintiffs' entry-level training to the extent admitted in paragraphs 73 through 76, as limited by the dates of training averred in paragraphs 73 through 76.

97. The allegations contained in paragraph 97 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

98. The allegations contained in paragraph 98 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

99. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 98, or to any relief whatsoever.

100. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

101. Plaintiffs' claims are barred by the applicable statutes of limitations.

102. Defendant's conduct was in good faith.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Jeffrey S. Pease

JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0292
Fax: (202) 514-8624

Attorneys for Defendant

June 2, 2006

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of June 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease