IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS C. PORTA, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANDREW D. BARTH, et al., | ) | No. 05-14210C |
| | ) | & No. 05-759C |
| Plaintiffs, | ) | |
| | ) | CONSOLIDATED |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S NOTICE OF AGENCY ACTION

Defendant provides this initial notice in response to the Court's instructions on June 14, 2006, regarding a telephone status conference scheduled for June 20, 2006, and a prior request by plaintiffs' counsel concerning allegations of agency conduct with regard to recently-joined plaintiffs.

On June 12, 2006, defendant's counsel informed plaintiffs' counsel that the agency had decided administratively, in good faith, to pay certain third parties the backpay claimed by plaintiffs, plus an additional payment of ten percent interest. Defendant's counsel further informed plaintiffs' counsel that the filed notices of consent to sue are being promptly relayed to agency counsel in order to prevent unauthorized payments to plaintiffs, because such authority to compromise claims rests with the Department of Justice, and would require an authorized settlement agreement. Despite attempted safeguards to prevent any unauthorized payments, because of administrative delay in

processing these payments, it is possible that some recently-joined plaintiffs may have been paid inadvertently.

Defendant admitted in its answer, as a matter of fact, that named plaintiffs had not been paid for any sixth 8-hour days per week of entry-level training at the FLETC. See Defendant's Answer filed June 2, 2006, ¶¶ 73-76. Defendant has not moved to strike or otherwise contest plaintiffs' reliance upon the declaration of Wayne Coleman that the Government filed in a related action in district court, which sets forth Mr. Coleman's view of the agency's apparent understanding, prior to plaintiffs' entry-level training, that pay would be required for any sixth 8-hour days per week of entry-level training. The Government also will produce Mr. Coleman for deposition by plaintiffs' counsel in a related case.

Defendant believes that, ultimately, the hours of entry-level training at FLETC and the base amount of backpay allegedly due to plaintiffs will not be in dispute in this action. The essential legal and factual dispute in this action will be upon defendant's defense of good faith, and the Court's discretion to award liquidated damages in an amount less than the amount of backpay claimed. These issues will remain in dispute despite any good faith payments of backpay and interest, as has been demonstrated by the related case of Moreno v. United States, No. 05-142 (Fed. Cl.).

Based upon the facts admitted in this action, and the related circumstances affecting third parties, the agency exercised its independent authority to pay certain non-parties analogous backpay to that claimed by plaintiffs, plus an additional ten percent interest payment intended to fairly compensate those non-parties for the delay in receipt of backpay. Defendant is aware of no authority that would prohibit the agency from independently paying non-party employees or ex-employees backpay and interest, nor, if directly requested by a represented plaintiff, that there would be any prohibition against directly providing any requested information to such plaintiff in the normal course of the agency’s business. To our knowledge, no such communication has taken place, nor has any such communication been authorized by agency counsel or defendant’s counsel.

Defendant’s counsel was notified by telephone by plaintiffs’ counsel on June 12, 2006, that an unspecified plaintiff who joined this action in response to the notice of collective action had apparently been paid backpay as claimed in this action, plus interest, but was not paid liquidated damages in an equal amount to the amount of backpay. In addition, plaintiffs’ counsel alleged that the same unspecified plaintiff received a direct electronic mail communication from a supervisor regarding the payment, without notification to plaintiffs’ counsel, and that

the plaintiff had requested that his consent to sue be withdrawn as a result. Defendant agreed to investigate the general allegations and provide the Court with notice of the agency's actions in this regard.

As a result of our initial investigation, it appears that certain payment requests may have originated directly from the field sectors to the National Finance Center, and were paid without agency counsel's or defendant's counsel's knowledge. We are not currently aware of any specific communications between the agency and individual plaintiffs or non-party employees or ex-employees regarding the payments described in this notice, as alleged by plaintiffs' counsel. However, to the extent that any plaintiffs have been inadvertently paid after recently joining this action, the agency will address any official notice of such payment to plaintiffs' counsel rather than directly to such plaintiffs. To the extent that the agency provides official notice of payment, it is anticipated that the substance of such notice would be:

> The Office of Personnel Management (OPM) determined that FLSA nonexempt employees are entitled to overtime pay for certain hours spent in basic training at the Federal Law Enforcement Training Center (FLETC).
>
> The agency records show that you attended training at FLETC for six days a week, eight hours a day for several weeks and were not paid for this sixth day. The retroactive payment for the sixth day of training at FLETC you attended will be direct deposited

> to your account during the week of _________. The agency is aware this payment is overdue and therefore this payment will also include interest to compensate you for not having the use of your monies during the time it was earned.

Defendant is willing to provide notice to the Court and a copy of such future communication, if the Court so requests. We continue to investigate the circumstances surrounding these payments, and the Government will provide additional details in a future notice to the Court upon resolution of our informal investigation, if the Court so requests.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 307-0292
Fax: (202) 514-8624

June 15, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 15th day of June 2006, a copy of the foregoing "DEFENDANT'S NOTICE OF AGENCY ACTION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease