**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THOMAS C. PORTA, et al.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | **No. 05-14210C** |
| **ANDREW D. BARTH, et al.,** | ) | **(Judge Firestone)** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF INFORMATION**

Plaintiffs in this case are current and former employees who attended entry-level training at the Defendant's Federal Law Enforcement Training Center in Glynco, Georgia. The Defendant required them to train for 6 days per week but paid them for only 5 days.

Pursuant to Rule 37 of the Rules of the Court of Federal Claims ("RCFC"), the Plaintiffs move the Court to compel production of certain information requested more than 8 months ago pursuant to RCRC 34. The information was subsequently identified at depositions of the Defendant. The information sought goes to heart of the issues in this case.

**FACTS**

This case was filed in this Court on January 21, 2005. On April 3, 2006, the Court severed the case into two separate actions, *Moreno* and *Porta*, and ordered the Defendant to send notice of a collective action to all class members in this case. On April 19, 2006, the Court consolidated the *Porta* and *Barth* cases and ordered that the Defendant issue notice to potential plaintiffs. The Defendant sent notice to the class on May 31, 2006. The Court ordered the Defendant to issue additional notice on June 28, 2006.

Plaintiffs propounded document requests and interrogatories on the Defendant on June 15, 2006. After the Defendant responded to the discovery requests, the Parties had extensive discussions on the extent of the discovery and the Defendant's obligations. At the Defendant's insistence, the Plaintiffs sent a 24-page letter detailing what they perceive as deficiencies in the Defendant's discovery production and limiting the requests based on the Defendant's objections. *See Ex. A, Sweeney Letter of 9/18/06.* The Defendant has not responded to that letter. Instead, it began producing additional documents and deponents. The Plaintiffs have taken one deposition of the Defendant in this case. Discovery closed on January 15, 2007. *See Court Order of November 28, 2006, Docket #81*.

During its deposition, the Defendant's representative, Wayne Coleman, identified relevant information that the Plaintiffs requested in their original discovery requests but has not been produced. Both during and after the depositions, the Plaintiffs requested the information be produced, but the Defendant refused. The following information was identified at the depositions and remains outstanding:

1. Handwritten time records recording the Plaintiffs hours of training at the FLETC. Alternatively, the Defendant could stipulate that each Plaintiff trained for six 8-hour-days during their training at FLETC. *See Ex B., Coleman Depo., at 51-55;*

2. Documents, including e-mails, related to correspondence between the deponent and employees of the CBP regarding payment of overtime for the 6th day of training at the FLETC. *See Ex. B., Coleman Depo., at 64-65;*

3. Documents, including e-mails, related to correspondence between the Ms. Smalls, Human Resource Specialist with CBP, and employees of the CBP regarding payment of overtime for the 6th day of training at the FLETC. *See Ex. B., Coleman Depo., at 66-68;*

4. Documents, including e-mails, related to correspondence between the Ronelle Rotterman, Chief of Compensation and Classification for the U.S. Customs and Border Protection, and employees of the CBP regarding payment of overtime for the 6th day of training at the FLETC. *See Ex. B., Coleman Depo., at 69-70;*

5. Documents related to any materials sent to CBP employees explaining the retroactive overtime payment they received. *See Ex. B., Coleman Depo., at 74-77.*

6. The identity of the Chief of Boarder Patrol from July 17, 2003 through May 21, 2004. *See Ex. B., Coleman Depo., at 106-07*;

7. A version of Plaintiffs' Exhibit 11 indicating the names of those people at the CBP who received it. *See Ex. B., Coleman Depo., at 110-113; Ex. C. Plaintiffs' Exhibit 11.*

8. A complete copy of the document produced as MOR 188. *See Ex. B., Coleman Depo., at 179-181; Ex. D. MOR 188.*

The Plaintiffs requested production of the information above on the deposition transcript and again after the deposition in writing. We asked that the Defendant state if searches for the information had been made and the information had been identified and all responsive material produced or listed in a privileged log, or, if the searches had not been made, that the Defendant state that the searches will be made. Moreover, the Plaintiffs asked that if the Defendant has a specific objection to conducting a search or producing specific information, it make that objection so that the Parties can bring any disputes to the Court and get the matter resolved quickly. *See Ex. E., Sweeney Letter of 12/15/06*. The Defendant responded that it would not respond to the requests without additional formal discovery requests. *See Ex. F., Pease letters of 12/21/06 and 1/12/07*. The Plaintiffs responded that no additional requests are necessary because the documents were covered under existing discovery requests. We further indicated that we were not inclined to propound additional requests given that the Defendant has not yet responded properly to the initial requests. *See Ex. E., Sweeney Letters of 12/15/06; Ex. G., Sweeney e-mail of 1/9/07*. The Defendant suggested that the Plaintiffs move the Court for the information. *See Ex. H., Pease letter of 1/16/07*.

**ARGUMENT**

Rule 26(b) of the Rules of the Court of Federal Claims (RCFC) provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Rule 34 "obligates defendant to produce documents 'in the possession or control of the party upon whom the request is served.'" *Lumbermens Mut. Cas. v. U.S.*, 70 Fed.Cl. 94, 96 (Fed.Cl.,2006). "The 'inclusive description' of the term document in Rule 34 'accord[s] with changing technology.'" *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316-17 (S.D.N.Y. 2003) *citing* Advisory Committee Note to Fed. R. Civ. P. 34. Thus, "[e]lectronic documents are no less subject to disclosure than paper records." *Id*. at 317.

The Plaintiffs properly requested the information sought here through document requests pursuant to RCFC 34. Plaintiffs' counsel attempted in good faith to resolve any disputes, both over the phone and, at the Defendant's insistence, in a 24-page letter. The Defendant did not respond. The information sought was covered under the Plaintiffs discovery requests and the Defendant has raised no legitimate reason for not producing it.

The Defendant must produce the information identified at the depositions because it is relevant to the Plaintiffs' claims. RCFC 34. At issue in the case is whether the Defendant acted in good faith on a reasonable interpretation of the law in violating the FLSA and should therefore be relieved of the statutory obligation to pay liquidated damages. The information sought goes directly to the Defendant's knowledge regarding its FLSA obligations during the period of its illegal pay policy. The Defendant's knowledge during this period is relevant to whether it acted in good faith. Moreover, the Defendant has indicate that it will raise a statute of limitations

defense. The information sought is relevant to both the issue of how long a statute of limitations should apply (FLSA requires a showing of willful activity for a 3-year statute, 29 U.S.C §255(a)) and to issues of equitable tolling and estoppel.

The Plaintiffs requested the information sought here in their original document requests. *See, Ex. E.., Sweeney letter of 12/15/06; Ex. I., Plaintiffs' First Request for Production of Documents to Defendant, requests 1, 23, 25, 26, 28, 29, 30, and 31*. Based on the Defendant's complaints, the Plaintiffs sent a 24-page letter detailing the relevance of the material and narrowing the requests to try to meet the Defendant's issues. *See Ex. A., Sweeney Letter of 9/18/06.* The Defendant chose not to respond. Instead, it began producing documents.

The information requested here is not privileged information. The Defendant has not raised a privilege with respect to the documents identified at the depositions. Given the deponents' descriptions, it is highly unlikely that a privilege would protect of the information.

Plaintiffs counsel has tried to resolve this issue with the defense counsel without success. *See Ex. E., Sweeney Letter of 12/15/06; Ex. H., Pease letter of 1/16/07.*

**CONCLUSION**

The Plaintiffs respectfully request that the Court order that the Defendant must produce the information listed above that was identified at depositions.

Respectfully submitted,

/s

Michael J. D. Sweeney, Esq.
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649