**U.S. Department of Justice**

Civil Division

KAB:JSPease
DJ Nos. 154-05-142, 154-05-14210

Tel: (202) 353-7991
Fax: (202) 514-8624

*Washington, D.C. 20530*

December 21, 2006

**VIA U.S. MAIL & ELECTRONIC MAIL**

Michael J.D. Sweeney, Esq.
Law Offices of Dan Getman
9 Paradies Lane
New Paltz, NY 12561
Email: msweeney@getmanlaw.com

Re: Discovery in Moreno v. United States, No. 05-142C (Fed. Cl.) and Porta v. United States, No. 05-14210C (Fed. Cl.)

Dear Mr. Sweeney:

On December 15, 2006, you sent three letters by electronic mail and one electronic mail message regarding discovery in Moreno and Porta. Regarding discovery of documents in the possession of the Bureau of Land Management ("BLM") and the National Park Service ("NPS"), we object to expanding discovery to cover these additional Federal agencies. Any documents not in the possession of the agencies already responding to discovery requests, including the Department of Homeland Security ("DHS"), the Office of Personnel Management ("OPM"), and the Department of Justice, Justice Management Division ("JMD"), are not calculated to lead to admissible evidence because any such documents obviously were not the basis for the agencies' decisions in this case. However, because you have now identified those two particular agencies with which you are concerned, we are willing to contact appropriate personnel at the BLM and the NPS prior to the close of fact discovery to seek statements regarding those agencies' general policies or practices of paying or not paying overtime for a sixth day of entry-level training immediately prior to September 11, 2001, and thereafter.

With regard to your informal inquiries related to the three depositions taken in Moreno and Porta, we reiterate our requirement that you propound formal discovery requests in these matters. To the extent that your initial formal discovery requests were unobjectionable, our responses already indicate that we have conducted searches as necessary pursuant to the applicable rules of the Court. To the extent that we objected to your initial formal discovery requests, or you believe our response has been insufficient, we are very willing to entertain more narrowly tailored unobjectionable formal discovery requests. For example, we would not object to formal discovery requests based upon information discovered through deposition testimony

that are not unduly vague, overbroad, or burdensome, and are reasonably calculated to result in the discovery of admissible evidence. However, because you have repeatedly stated as one of your goals limiting our defense in these cases to our responses to your overbroad, vague, burdensome, or otherwise objectionable initial discovery requests, we are reluctant to undertake additional searches without obtaining formal discovery requests that comply with the rules of the Court. Your informal requests that we produce documents, information, or entire categories of documents that you or a deponent may have alluded to in a deposition, or that we search certain locations according to your questions in a deposition, are not discovery requests to which we are able properly to respond. As a result, we reiterate our requirement that you propound formal discovery requests to which we will respond in accordance with the rules of the Court.

Finally, we have attempted to address many of your discovery concerns cooperatively in a number of ways, to which we have received little or no response. In addition to expanding our search for responsive documents from the employing agencies to include OPM and JMD, we have provided you with a proposed draft stipulation of fact and law and proposed protective orders to permit production of documents otherwise protected from disclosure by the Privacy Act. We proposed designating a small number of representative plaintiffs for purposes of discovery, but we were unable to agree to do so because of your request that any such designation must "bind" defendant as to all plaintiffs. Given the individual facts applicable to each plaintiff's claims (for instance, the applicable statutes of limitations), a binding designation would not be appropriate in these cases. However, it may still be desirable to choose one or more "test" plaintiffs to focus upon initially, in lieu of designating "binding" representative plaintiffs. Please advise us if you would like to take advantage of any of these cooperative methods of resolving your discovery concerns.

Very truly yours,

JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division

**U.S. Department of Justice**

Civil Division

KAB:JSPease
DJ Nos. 154-05-142, 154-05-14210

Tel: (202) 353-7991
Fax: (202) 514-8624

*Washington, D.C. 20530*

January 12, 2007

**VIA U.S. MAIL & EMAIL**

Michael J.D. Sweeney, Esq.
Law Offices of Dan Getman
9 Paradies Lane
New Paltz, NY 12561

Re: Discovery in Moreno v. United States, No. 05-142C (Fed. Cl.) and Porta v. United States, No. 05-14210C (Fed. Cl.)

Dear Mr. Sweeney:

This letter responds to your electronic mail message on January 12, 2007. In lieu of expanding our document search regarding your discovery requests in these cases to the Department of Housing and Urban Development ("HUD"), the State Department, and the Forest Service, we will (similarly to BLM and NPS) seek affidavits from personnel in those agencies regarding their pay policies for a sixth day of entry level training at the FLETC. In conjunction with this alternative to expanding formal discovery, we intend to stipulate that, after a reasonable search, the responding agencies (DHS, OPM, JMD) have not located any additional non-privileged documents regarding other agencies' policies.

With regard to your comments about newly-produced historical documents, I produced them as soon as they were produced to me, as I explained yesterday. With regard to whether additional documents may exist that we have not yet discovered, as we have explained repeatedly, including yesterday at the deposition, we require and are entitled to formal discovery requests in order to properly respond. To the extent that we discover new documents independently in the normal course, we of course will produce such documents in accordance with the Rules of the Court that require supplementation of our discovery responses.

Very truly yours,

JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division