**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**THOMAS C. PORTA,**
**individually and on behalf of others similarly situated,**

**Plaintiffs,**

**v.**

**THE UNITED STATES OF AMERICA, et al.,**

**Defendants.**

**No. 05-14210C**
**Judge Firestone**

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

In accordance with Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs request that the Defendant produce the following documents, records and things for inspection and copying at the Law Office of Dan Getman, 9 Paradies Lane, New Paltz, NY 12561 on or before 30 days from the date of service of this request. (Please take notice of the provisions of Rule 34(b) requiring a party to whom a request is directed, to serve a written response thereto within thirty (30) days after service of the request.)

In accordance with the provisions of Rule 34(b), the Defendant is to organize and label these documents, records and data to correspond with the numbered paragraphs, subparagraphs, and categories in this request.

If a document could be produced with respect to a narrow request or a more general request, it shall be organized and submitted with respect to the more narrow request.

The Plaintiffs request a written response to the requests for production setting forth with respect to each request whether such documents exist, whether inspection will be permitted as requested, and if not, stating specifically defendant's objections to inspection.

You are under a duty to produce any documents in your possession, custody or control, or in the possession, custody or control of any agent, attorney, accountant, partner, officer or employee of the Defendant and all other from whom you may freely secure these documents and things.

Any objections on the basis of a privilege must be accompanied by a privilege log stating the type of document, date of the document, its subject matter, the author, any recipients, and the basis of the privilege.

In the event that any document called for by this request has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (I) identify each and every author of the document; (ii) identify each and every addressee or recipient of the document; (iii) state the date and subject matter of the document; (iv) state the date and reason for disposal of the document; (v) identify each and every person who authorized disposal and/or disposed of the document.

This request is continuing and requires prompt supplemental production if any additional responsive documents are found, become available, or are created. RCFC 26(e).

**DEFINITIONS**

The following definitions apply to the discovery requests: (1) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise); (2) The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in RCFC 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term; (3) When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place

of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; (4) When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s); (5) The term "Defendant" as well as the Defendant's full or abbreviated name or a pronoun referring to the Defendant mean the Defendant and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates; (6) The term "person" is defined as any natural person or any business, legal or governmental entity or association; (7) The term "concerning" means relating to, referring to, describing, evidencing or constituting; (8) The term "FLETC" means the Federal Law Enforcement Training Center; (9) The terms "Defendant" or "Defendants"(including their possessive forms) refers to Defendants individually and together or in any grouping (including members of the putative class), as well as their employees, agents, partners, accountants, attorneys, joint venturers and businesses, successors, predecessors, divisions, subdivisions, and affiliates, individually or jointly in any combination; (10) The term Plaintiffs (including the possessive form) means all Border Patrol Agents who trained at the FLETC for six days in a week but were paid for only 5 days of work.

The following rules of construction apply to these discovery requests: (1) The terms "all" and "each" shall be construed as all and each; (2) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (3) The use of the singular form of any word includes the plural and vice versa.

In all instances the terms of these requests are to be interpreted broadly and expansively.

These requests are to be read to apply to the broadest quantity of materials to which they could pertain.

When responsive documents pertain to different individuals, the response shall segregate such documents by the individuals to which they pertain.

**THE DOCUMENTS AND THINGS TO BE PRODUCED ARE AS FOLLOWS:**

1. All documents concerning the Plaintiffs' work and training (whether at the FLETC or elsewhere) including but not limited to:

   a. All hours and dates of work or training;

   b. Remuneration;

   c. Bonuses or commissions (or nonpayment of bonuses or commissions);

   d. Deductions from pay;

   e. Expense reimbursements;

   f. Employment Benefits;

   g. Job or training duties;

   h. Job or training performance;

   i. Application for employment;

   j. Job references;

   k. Personnel file;

   l. Termination.

2. All documents concerning any employee alleged to be supervised by the Plaintiffs, including but not limited to:

   a. All hours and dates of work or training;

   b. Remuneration;

   c. Bonuses or commissions (or nonpayment of bonuses or commissions);

   d. Deductions from pay;

   e. Expense reimbursements;

   f. Employment Benefits;

   g. Job or training duties;

   h. Job or training performance;

   i. Application for employment;

   j. Job references;

   k. Personnel file;

   l. Termination.

3. All documents concerning any registers, statements, or other bookkeeping or ledger with respect to the payment of wages or benefits to the Plaintiffs.

4. All documents concerning hours and dates of work or training (whether at the FLETC or elsewhere), remuneration, job or training duties, job or training performance, for any persons trained at the FLETC at any time from January 1, 1999 through the present who were required to train for 6 days a week and were paid for 6 days of work.

5. All blank forms used by Defendant or the FLETC to record hours or wages of any employee during his or her training at the FLETC from January 1, 1999 through the present.

6. All documents concerning any payments made to Plaintiffs for training more than 5 days in a week.

7. Any handbook or statements of policies pertaining to the Plaintiffs. Include all prior versions of such handbooks which were applicable to the Plaintiffs during their work.

8. All documents concerning the Defendant's overtime policies with respect to Plaintiffs.

9. All documents concerning the Defendant's payment or non-payment of wages or overtime wages for a 6th day of training in a week at any facility to any employee.

10. All documents concerning the Defendant's payment or non payment of its employees for hours spent training (whether at the FLETC or elsewhere).

11. All documents related to the U.S. Office of Personnel Management position on the Defendant's obligation to pay Plaintiffs overtime wages for the 6th day of training each week at the FLETC from January 1, 1999 through the present.

12. All documents related to any changes in the U.S. Office of Personnel Management position on the Defendant's obligation to pay employees for training, from January 1, 1999 through the present.

13. All documents concerning the training of Border Patrol Agents at any facility, including the FLETC, from January 1, 1999 through the present.

14. All documents relating to the Defendant's compliance with the Fair Labor Standards Act

15. All documents relating to compliance with the Fair Labor Standards Act at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained.

16. All documents related to the posting of notice explaining the Fair Labor Standards Act, as prescribed by the Wage and Hour Division, in conspicuous places at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained.

17. All documents concerning any advice or opinions the Defendant received concerning the payment of wages or overtime wages for training and compliance with the Fair Labor Standards Act.

18. All documents concerning communication between any governmental entity and the Defendant or its agents regarding payment of wages or overtime wages for training, including without limitation training at the FLETC.

19. All documents concerning any review, investigation, communication or opinion pertaining to the legality or propriety of the Defendant's non-payment of wages or overtime wages for training, including without limitation training at the FLETC.

20. All documents concerning the Defendant's reasonable grounds for not paying Plaintiffs wages or overtime wages for the 6th day of training at the FLETC in the pay period that the training was performed.

21. All documents showing concerning the Defendant's good faith in failing to pay Plaintiffs wages or overtime wages for the 6th day of training at the FLETC in the pay period that the training was performed..

22. All documents concerning the laws concerning the Defendant's responsibility to pay wages or overtime wages for training.

23. All documents concerning any investigation of any of the Plaintiffs or the claims raised in this case.

24. All documents concerning public statements by the Defendant regarding the payment or non-payment of wages or overtime wages for training, including without limitation wages or overtime wages for a 6th day of training in a week, including any postings on the internet.

25. All documents concerning any communications by the Defendants regarding its policies for remunerating employees for time spent training, including time spent training at the FLETC.

26. All documents concerning communications between the Defendants and anyone employed by it from January 1, 1999 through the present regarding remuneration for time spent training, including time spent training at the FLETC.

27. All documents concerning communications between any FLETC personnel and anyone employed by the Defendant from January 1, 1999 through the present, regarding remuneration for time spent training.

28. All e-mails to and from any of the Plaintiffs concerning training or payment for training.

29. All e-mails concerning the training or payment for training for any of the Plaintiffs.

30. All documents concerning any complaints by any individual or entity concerning the Defendant's non-payment of wages or overtime wages for a 6th day of training in a week. Include any informal or formal complaints, responses, analyses, settlements, or resolutions and all other related documents.

31. All statements or writings or documents signed or authored or purportedly transcribing or recording statements of the Plaintiffs concerning their employment, pay, or leave, or matters related to the claims or defenses herein.

32. All union contracts applicable to any persons the Defendant required to train for 6 days in a week from January 1, 1999 through the present.

33. All documents concerning the Defendant relating to:
    a. Whether any other individual or entity, named or unnamed, may be liable to the Plaintiffs herein.

    b. Any agreements under which any individual or entity may be liable for any part of a judgment entered herein.

34. All documents concerning the veracity of the Plaintiffs.

35. All complaints, answers, judgments or settlements of all lawsuits involving the Defendants concerning the payment of wages or overtime wages for employee training.

36. All documents received by the Defendant pursuant to any authorization provided by any of the Plaintiffs.

37. All documents received by the Defendant pursuant to subpoena in this action.

38. All documents or other tangible evidence concerning any of the Defendant's affirmative defenses, organized by the defense to which such evidence, if any, pertains.

39. All documents concerning an agreement with any former or current employee of the Defendant who at any time raised any claim under the FLSA or other wage payment statute regarding the payment of wages or overtime for training, which agreement promised,
    a. not to voluntarily cooperate with any other individual;
    b. not to disclose facts, occurrences, settlements or other matter pertaining to such claim; or
    c. to supply notice to the Defendants concerning a subpoena or other inquiry.

40. All documents identified in any initial mandatory disclosure required by RCFC 26(a).

41. Any and all documents or other tangible evidence which the Defendant will proffer as evidence at trial of this matter. Please identify all such documents, but only produce those documents or pieces of evidence <u>not previously produced in a previously numbered request in this request</u>. However, any documents which have been previously produced should be identified in response to this request but not produced again.

Dated: New Paltz, New York
June 15, 2006

Respectfully submitted,

/s

Michael J.D. Sweeney
9 Paradies Lane
New Paltz, New York 12561
(845) 255-9370
Fax: (845) 255-8649
msweeney@getmanlaw.com
Counsel to Plaintiffs