IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS C. PORTA, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANDREW D. BARTH, et al., | ) | No. 05-14210C |
| | ) | & No. 05-759C |
| Plaintiffs, | ) | |
| | ) | CONSOLIDATED |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
TO COMPEL THE PRODUCTION OF INFORMATION

Pursuant to Rule 20(b) and the Court's orders on January 31, 2007, and February 9, 2007, defendant responds to plaintiffs' motion to compel. Plaintiffs request production of certain information that they believe to exist upon the basis of the deposition of Wayne A. Coleman on November 29, 2006. Plaintiffs' motion should be denied because plaintiffs did not serve prior to the close of discovery written requests for items described "with reasonable particularity" pursuant to Rule 34(b) of the Rules of the United States Court of Federal Claims ("RCFC") for which it now moves to compel production, and plaintiffs untimely filed their motion to compel almost two weeks after the close of discovery. See, e.g., Packman v. Chicago Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001) (upholding the denial of a motion to compel filed after the close of discovery as untimely and without a showing of actual or substantial prejudice); Material Supply

Int'l, Inc. v. Sunmatch Industrial Co., 146 F.3d 983, 992 (D.C. Cir. 1998) (upholding the discretionary denial of a motion to compel filed after the close of discovery as untimely).

As explained in plaintiffs' motion to compel, plaintiffs' counsel made oral requests during Mr. Coleman's deposition for information plaintiffs believed to exist, to which defendant's counsel made clear that formal written discovery requests must be propounded. See RCFC 34(b) ("The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity."). Over two weeks later, plaintiffs' counsel wrote a letter attaching portions of the deposition transcript, "reiterating" in writing his prior oral requests, see Pl. Ex. E, but without the required description of requested items "with reasonable particularity." RCFC 34(b). On December 21, 2006, defendant responded that:

> because you have repeatedly stated as one of your goals limiting our defense in these cases to our responses to your overbroad, vague, burdensome, or otherwise objectionable initial discovery requests, we are reluctant to undertake additional searches without obtaining formal discovery requests that comply with the rules of the Court. Your informal requests that we produce documents, information, or entire categories of documents that you or a deponent may have alluded to in a deposition, or that we search certain locations according to your questions in a deposition, are not discovery requests to which we are able properly to respond. As a result, we reiterate our requirement that you propound formal discovery requests to

> which we will respond in accordance with the rules of the Court.

Plaintiffs' Exhibit E.

Although plaintiffs' motion to compel is both untimely and improper given their failure to serve formal discovery requests prior to the close of discovery, we will also address the substance of some of plaintiffs' requests as they have been presented for the first time in their motion to compel. However, if the Court orders defendant to produce information beyond what is provided in the discussion below, defendant respectfully requests 30 days from the later of the date of the Court's order, or plaintiffs' service of unobjectionable versions of the requests set forth in their motion to compel, to serve any additional production response.

We object to plaintiffs' individual requests to compel production as generally vague, overbroad, and unduly burdensome because they almost universally contain undefined terms and fail to specify a time period or provide other information describing documents "with reasonable particularity" that might enable us to conduct a reasonable inquiry to locate responsive documents. In addition, many of plaintiffs' requests are redundant, requesting information that could have been obtained through further questioning at the depositions, or are unlikely to yield any relevant or admissible information. Specifically, as to plaintiffs' first request, given that plaintiffs have been paid

back pay and interest for the overtime at issue in this action, there is no dispute that plaintiffs worked a sixth eight-hour day per week of entry-level training, making additional documentation or stipulation redundant. As to plaintiffs' second request, plaintiffs' counsel failed to exercise due diligence by requesting the information apparently sought by asking Mr. Coleman at the deposition, under oath, what he told any plaintiffs who may have requested information about this issue.

Regarding plaintiffs' third request, Mr. Coleman already informed plaintiffs that Ms. Smalls had searched her files for documents relevant to this case. See Pl. Ex. B, at 66-67. In addition, in June 2006, defendant filed with the Court the text of notices sent to plaintiffs and non-plaintiffs paid for a sixth day of entry-level training during the course of this litigation. Further, on January 24, 2007, three business days after a protective order was issued by the Court to permit disclosure of information protected by the Privacy Act, defendant produced approximately 1,500 pages of electronic mail messages relating to a sixth day of entry-level training at the FLETC, the majority of which messages involved Ms. Smalls.

As to plaintiffs' sixth request, the identity of the former Chief of the Border Patrol, Gus De La Viña, is public information available through an online search. See http://www.cbp.gov/xp/cgov/newsroom/commissioner/speeches_statements/archives/2003/

mar032003.xml; http://www.cbp.gov/xp/cgov/newsroom/news_releases/archives/2004_press_releases/052004/05032004.xml.

As explained previously to plaintiffs' counsel regarding the subject of plaintiffs' seventh request, the redaction of the document identified as plaintiff's exhibit 11 merely omitted names of rank-and-file employees with last names in close proximity to that of Mr. Fred Tingley's. Mr. Coleman also explained in his deposition that the likelihood of receipt of the electronic mail message by Customs and Border Protection ("CBP") employees was low because the intended recipients of the electronic mail message were legacy employees from the Immigration and Naturalization Service ("legacy INS employees"), that is to say, potential plaintiffs in the related case of Moreno v. United States, Fed. Cl. No. 05-142C, see Pl. Ex. B, at 109-10. After reasonable inquiry, defendant has not located any copy of the specified electronic mail message that includes CBP employees as recipients. Similarly, after reasonable inquiry, defendant has not located any copy of the document referenced in plaintiffs' eighth request that contains any additional text.

For the foregoing reasons, we respectfully request that the Court deny plaintiffs' motion to compel the production of information as untimely and improper. However, if the Court grants plaintiffs' motion to compel, defendant respectfully

requests 30 days from the later of the Court's order, or plaintiffs' service of unobjectionable versions of the requests set forth in their motion to compel, to serve any additional production response.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-7991
Fax: (202) 514-8624

March 29, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of March 2007, a copy of the foregoing “DEFENDANT’S RESPONSE TO PLAINTIFFS’ MOTION TO COMPEL THE PRODUCTION OF INFORMATION” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ Jeffrey S. Pease