**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THOMAS C. PORTA, et al.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | **No. 05-14210C** |
| **ANDREW D. BARTH, et al.,** | ) | **(Judge Firestone)** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' REPLY REGARDING THEIR MOTION TO COMPEL THE PRODUCTION OF INFORMATION**

The Plaintiffs seek non-privileged, relevant information that the Defendant has identified. The Defendant's response does not raise legitimate bases for withholding the information. Rule 26(b)(1) of the Rules the Court of Federal Claims compel the Defendant to produce the information.

**1. The Defendant Must Produce the Information Identified at the Depositions**

In their motion to compel, the Plaintiffs request the production of information that was identified by the Defendant's own representative during deposition. It is information that Plaintiffs requested in their initial discovery requests. We requested it again in a detailed 24-page letter. *See Ex. A, Sweeney Letter of 9/18/06.* We requested the information again at the deposition when the deponent identified the specific documents and information sought. *See Exhibit E.* We requested it for a fourth time in follow up correspondence to the deposition. *See id.* The Defendant offers no valid reason for not producing the information.

The Plaintiffs' motion to compel was timely. The Plaintiffs made the requests before discovery closed. We tried to resolve the disputes without having to waste the Court's time. *See*

*e.g., Exs. E & G.* After the Defendant indicated that it did not want to discuss the matter, the Plaintiffs were forced to seek the Court's assistance. Indeed, the Defendant suggested that Plaintiffs file a motion to compel on January 16, 2007, after the formal close of discovery. *See Exhibit H*. Moreover, the Defendant was still producing documents the related *Moreno v. U.S.* case after the close of discovery. *See Defendant's Brief in Moreno v. U.S. at 4* ("[O]n January 24, 2007, . . . defendant produced approximately 1,500 pages of electronic mail messages . . ."). Even now, almost 3 months after discovery closed, the Defendant has still not produced documents it promised to produce during discovery in *Moreno*. *See Ex. J, Pease e-mail of March 30, 2007*.

The cases that the Defendant cites do not support denial of the motion to compel. In *Packman*, the Court denied a motion because the plaintiff did not filed her motion to compel until a summary judgment schedule had been set and the defendant had filed its summary judgment motion. She filed the motion late despite the court's order not to delay. Moreover, the Court denied the motion because the information sought was not relevant. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001). Similarly, in *Material Supply Int'l, Inc. v. Sunmatch Indust. Co.*, the court denied a motion to compel made more than five months after the close of discovery and four months after summary judgment motions were scheduled. 146 F.3d 983, 992 (D.C. Cir. 1998). Here, the Plaintiffs' motion to compel was filed 11 days after the close of discovery, before the Defendant had completed its discovery production, before any dispositive motions have been scheduled, and only after the Defendant refused to discuss the matter with Plaintiffs' counsel.

The Defendant's refrain of general objections such as "generally vague, overbroad, and unduly burdensome" does not relieve it of its obligation to produce discovery. The onus is on the

party objecting to discovery to state the grounds for the objection with specificity. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982); *see also Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 295 (E.D.Pa.1980). Indeed, the Defendant's objection that the requests were not made with "reasonable particularity" is incredulous given that the information was identified by its own witnesses at deposition. Not having offered specific objections, the Defendant is required to produce the requested discovery. RCFC 34.

Some of the Plaintiffs' requests are non-objectionable and could have been resolved with a simple telephone call. For example, the Defendant's admission that each Plaintiff worked a 6th day during training, and it provision of the name of Gus De La Vina, the former Chief of the Border Patrol, would have avoided a motion to compel the production on requests (a) and (f).[1] Unfortunately, rather than simply provide the response, the Defendant required the Plaintiffs to go to the additional work of moving the Court to compel production and required Your Honor to become involved in the discovery process. *See Ex. H.*

The Defendant's response to request (b) is not a valid objection. Mr. Coleman testified that he may have responded to questions from Border Patrol Agents regarding overtime pay for the 6th day of training at the FLETC. Those communications are relevant and go to both the Defendant's good faith defense and its assertion of the statute of limitations to bar claims. Therefore they are within the scope of RCFC 26(b)(1). In his testimony, Mr. Coleman could not remember a specific communication, and that, to his knowledge, neither he nor anyone else conducted a search of his files for the information. *Ex. B 64-65*. Even if Mr. Coleman had

[1]This Reply refers to the requests for information as they are lettered on pages 2 and 3 of the Plaintiffs' initial brief.

testified as to the content of the e-mails, the Defendant would not be relieved of producing them.

The Defendant's objection to the Plaintiffs' request (c) is based on a mischaracterization of testimony. Mr. Coleman did not, as the Defendant claims, testify that Ms. Smalls had searched all her files, including e-mail files. He testified:

> Q. Do you know if Ms. Smalls made a search of her e-mail account for any possible communications from Customs an Border Patrol people?
>
> A I know that in talking with her a couple of weeks ago in preparation for this, she indicated that she had been through her files looking for documents relevant to the case.
>
> Q And do you know, did she say that she had looked through her e-mail files?
>
> A She didn't say that specifically but I assume that, based on the conversation, that she looked through whatever places she might have found information.

*Ex. B at 66:16-67:4*. Coleman's testimony is clear that he did not know what search Ms. Smalls made for information or if she searched her e-mail at all. While the Defendant produced e-mails after the discovery period closed, it has not represented that the e-mails were the result of a thorough search of Ms. Smalls' files or that Ms. Smalls' files contain no other communications. Moreover, the Defendant unilaterally limited that production to e-mails with class members from December 2004 and later. It did not include e-mail communications with class members between July 2003 and December 2004, including the period during which the Defendant required the class to train for a 6th day at the FLETC but did not pay overtime for it. The information sought is not protected by privilege, and it is relevant as it goes to the Defendant's good faith defense and its assertion of the statute of limitations to bar claims. It is information that was covered by the initial document requests, the Plaintiffs follow up correspondence, the request at the deposition, and the follow up written request. *Ex. E*. The Defendant has an obligation to produce the

information. RCFC 34.

The Defendant's response regarding request (d) is not responsive to the Motion to Compel. The Defendant testified that class members with questions about overtime pay for the 6th day of training during 2003 and 2004 would have communicated with Ronnelle Rotterman. Based on that testimony, the Plaintiffs' requested production any documents, including e-mails, related to correspondence between Ronelle Rotterman and class members regarding payment of overtime for the 6th day of training at the FLETC. *See Ex. B., Coleman Depo., at 69-70*. The Defendant's response that it produced 1,500 pages of electronic messages in the *Moreno* case does not suggest that Ms. Rotterman's files were searched and relevant information produced. Moreover, the Defendant unilaterally limited that production to exclude the relevant time period. The information is not privileged, and it is relevant to the Defendant's good faith defense and the applicable statute of limitations. It is information that was covered by the initial document requests, the Plaintiffs follow up correspondence, the request at the deposition, and the follow-up written request. *Ex. E*. Therefore, the Defendant has an obligation to produce the information. RCFC 34.

The Defendant's response regarding request (e) does not respond to the Motion to Compel. Mr. Coleman testified that he understood that materials were sent to CBP employees explaining the retroactive overtime payment they received. *Ex. B at 74-75*. At the deposition and again in writing, the Plaintiffs requested that any such communications be produced. *Ex. E*. The Defendant's response that it filed notices regarding joining this action does not suggest that all communications regarding the retroactive overtime payment have been produced. The information sought were covered by the initial document requests, the Plaintiffs follow up correspondence, the request at the deposition, and the follow up written request. *Ex. E*. They are

relevant, non privileged information that the Defendant is obligated to produce under RCFC 34.

If the Defendant did conduct a reasonable search in response to the Plaintiffs' requests (g) and (h), a representation that no documents exist is sufficient. Given the Defendant's lack of cooperation in the discovery process, the Plaintiffs request that the Court require a description of the searches performed to ensure that they were reasonable by objective standards.

**Conclusion**

The Plaintiffs respectfully request that the Court compel the Defendant to produce the information in response to Plaintiffs requests (b), (c), (d), and (e), and provide a description of the searches it performed to respond to requests (g) and (h).

Dated: April 12, 2007

Respectfully submitted,

/s

Michael J. D. Sweeney, Esq.
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649