IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS C. PORTA, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANDREW D. BARTH, et al., | ) | No. 05-14210C |
| | ) | & No. 05-759C |
| Plaintiffs, | ) | |
| | ) | CONSOLIDATED |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SECOND SUPPLEMENT
TO MOTION TO ENLARGE TIME TO RESPOND TO DISCOVERY

Pursuant to the Court's order of June 6, 2007, the United States respectfully files this second supplement to its motion to enlarge time to respond to the discovery enumerated in the Court's order on May 3, 2007. On June 6, 2007, the Court granted our motion to stay our motion to enlarge time; the purpose of this stay was to permit us to resolve this dispute amicably with plaintiffs or prepare a motion for protective order as needed. The United States has been able to reach a preliminary resolution of this dispute with the plaintiffs, and wishes to ask for a stay of its motion to enlarge time for an additional two weeks, through and including July 2, 2007, to confirm this resolution as discussed below. This is the second supplement to the first enlargement of time requested for this purpose. Plaintiffs' counsel stated via telephone on June 18, 2007, that plaintiffs do not oppose this further stay with the conditions set forth below.

The United States produced to the plaintiffs, on June 4, 2007, and June 6, 1007, approximately 1500 pages of email messages that resulted from the initial subject line searches conducted by the Office of Information Technology ("OIT") of Customs and Border Protection

("CBP"). These initial searches captured all emails in the accounts of Ronelle Rotterman, Wayne Coleman, and Alethea Smalls that contained one or more of the following terms in the subject line: "FLETC," "Glynco," and "overtime." These initial searches covered the period from January 1, 2002, through May 8, 2007 (the date the searches began). On June 15, 2007, plaintiffs' counsel stated that additional searches of the body of the emails in these accounts would not be necessary based upon the representation of the undersigned counsel regarding the time and cost of body text searches. Plaintiffs' counsel stated that plaintiffs would be satisfied if the United States were to conduct searches regarding a list of thirteen search terms for the period from November 18, 2002, through July 2003. The undersigned counsel has since discussed this list with plaintiffs' counsel, and been able to reduce it to a list of seven search terms.

Nevertheless, because of the manner in which emails are stored and searched, we are unable at this time to provide an estimate of how long these more limited searches will take. To provide such an estimate requires actually initiating the searches, and we respectfully request an additional two weeks in order to do so. As explained in the attached declaration of Ish T. Dacio, Chief, Data Center Operations, Enterprise Data Management & Engineering Division of CBP OIT, emails are stored in the form of back up tapes, which have been indexed. OIT conducts searches of the type requested by the plaintiffs by first searching this index. After responsive emails are identified on the index, OIT personnel must retrieve the back up tapes containing the emails, conduct additional searches of each back up tape, and retrieve each responsive email. Furthermore, the search tool used to search the index is only capable of retrieving information regarding 250 emails at a time. Accordingly, if a particular search retrieves information regarding more than 250 emails, OIT personnel must revise the search terms (usually to further

limit the time frame) to divide up the search into multiple searches that will retrieve information on fewer than 250 emails each. Accordingly, OIT personnel are unable to estimate the time and cost of completing the searches requested by the plaintiffs until they actually initiate these searches. OIT personnel estimate that determining the time and cost of completing the searches will take approximately one week because operational demands only permit four hours to be dedicated to this project per day.

Once OIT provides this time and cost estimate to the undersigned counsel, the undersigned counsel will determine whether these searches are unduly burdensome or expensive under the Rules of the Court of Federal Claims. If these additional searches will not be unduly burdensome or expensive, the undersigned counsel will attempt to reach an agreement with plaintiffs' counsel regarding the time frame of production to the plaintiffs of the resulting documents. If the additional searches would be unduly burdensome or expensive, the undersigned counsel will attempt to reach an agreement with plaintiffs' counsel regarding further limiting the requested searches. If we are unable to reach an agreement with the plaintiffs regarding this discovery dispute, we will file a motion for protective order that the discovery not be had. Plaintiffs' counsel has stated that plaintiffs do not oppose this stay as long as we use these two weeks to initiate the searches as discussed above.

For these reasons, we respectfully request that the Court grant our request to further stay our motion to enlarge for two weeks, through and including July 2, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Kathryn A. Bleecker by Jeanne E. Davidson
KATHRYN A. BLEECKER
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

June 18, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 18th day of June 2007, a copy of the foregoing "SECOND SUPPLEMENT TO DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah