**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THOMAS C. PORTA, et al.,** | ) | |
| **and** | ) | |
| **ANDREW D. BARTH, et al.,** | ) | **No. 05-14210C & 05-759C** |
| **Plaintiffs,** | ) | **(Judge Firestone)** |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs seek the Court' leave to file an amended complaint in this matter pursuant to RCFC 15(a). Plaintiffs seek to amend their complaint to include allegations supporting equitable tolling and breach of contract. The issues have already been the subject of discovery. Amending the Complaint will allow the parties to address the proper application of a statute of limitations in this action. Although Defendant will not suffer any prejudice from the amendment, it has refused to consent to the amendment. As RCFC 15(a) provides that "leave [to amend] shall be freely given when justice so requires" Plaintiffs' request should be granted.

**FACTS**

This is a FLSA collective action in which Plaintiffs claim that Defendant failed to pay them the overtime wages required under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*. In January 2002, Defendant began requiring trainees at its Federal Law Enforcement Training Center in Glynco, Georgia (FLETC) to train for six days per week. Despite the sixth day

of work, Defendant only paid them for five days of work, claiming that Plaintiffs were not entitled to overtime. By at least November 2002, Defendant knew it had an obligation under the FLSA to pay Plaintiffs overtime for the sixth day of training. Nevertheless, it continued to represent to Plaintiffs that they were not due overtime wages. Finally, in July 2003, Defendant publicly acknowledged its FLSA obligation. It began to pay overtime wages on a current basis two months later. Plaintiffs, a group of Customs and Border Protection employees, trained for six days a week at FLETC in a series of training classes running from July 17, 2003 through May 21, 2004. Despite Defendant's knowledge that it owed FLSA overtime for the sixth day of training, it did not pay the Plaintiffs such wages. Only after the Court's direction in 2006, did Defendant pay part of its overtime obligation by paying overtime in accordance with the Back Pay Act, instead of the wages due under the FLSA, as required.

Defendant has known since early on in this litigation that Plaintiffs would challenge its affirmative defense regarding the statute of limitations based on Defendant's misrepresentations. Much of the discovery at issue, particularly communications between Defendant and class members about payment for the FLSA overtime wages, specifically goes to the determination of the appropriate statute of limitations in this matter. The issue has been raised repeatedly in discovery conferences between the parties and before the Court in conferences and papers. *See, e.g.*, Plaintiffs' Motion to Compel (Docket # 46) at 4-5; Plaintiffs Reply Regarding their Motion to Compel (Docket # 55) at 3-5.

Discovery in this matter closed on August 22, 2007, the date by which Defendant promised to finally produce the discovery sought more than a year ago. Much of the discovery that remained outstanding for so long was e-mail communications between Defendant and the

Plaintiff class.

**ARGUMENT**

Rule 15(a) of the Rules of the Court of Federal Claims provides that "leave [to amend] shall be freely given when justice so requires." "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Wolfchild v. U.S.*, 77 Fed.Cl. 22, 31-32 (2007), *citing Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *System Fuels, Inc. v. United States,* 73 Fed.Cl. 206, 210-211 (2006).

There is no undue delay, bad faith or dilatory motive on the part of Plaintiffs. Defendant and the Court have been aware that Plaintiffs would challenge Defendant's statute of limitations defense since early in the litigation. Not only has the issue played a central part in many of the conferences between the parties, Plaintiffs repeatedly stated it was a basis for discovery requests. Defendant suffers no undue prejudice by the amendment. As stated above, Defendant has been aware of the issue from early in the litigation. It has been the subject of written discovery and depositions. Finally, there is no futility in Plaintiffs' amendment. Defendant's misrepresentations to the class and failure to abide by its legal obligations prevent it from shirking liability via a technical defense.

**CONCLUSION**

Accordingly, Plaintiffs respectfully request the Court grant them leave to amend their Complaint to include allegations supporting equitable tolling and breach of contract.

Dated: August 28, 2007

Respectfully submitted,

/s

Michael J. D. Sweeney, Esq.
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649