# In the United States Court of Federal Claims

**No. 05-14210C & No. 05-759C**
**CONSOLIDATED**
**(Filed: October 2, 2007)**

| | |
|---|---|
| **THOMAS C. PORTA, et al.,** | |
| **and** | |
| **ANDREW D. BARTH, et al.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **THE UNITED STATES,** | |
| **Defendant.** | |

## ORDER

Pending before the court is plaintiffs' motion for leave to file an amended complaint, pursuant to Rule 15 of the Rules of the United States Court of Federal Claims ("RCFC"), "to include allegations supporting equitable tolling and breach of contract." Pl. Mot. at 1.

RCFC 15 governs parties' amendments to their own pleadings. In particular, RCFC 15(a) provides that, after a responsive pleading has been served, as in this case, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party;

and leave shall be freely given when justice so requires." Thus, "[t]he decision whether to allow leave to amend pleadings ... is within the sound discretion of the trial court." First Interstate Bank of Billings v. United States, 61 F.3d 876, 881 (Fed. Cir. 1991) (citations omitted).

The Federal Circuit has made plain, however, that "[i]n the absence of any apparent or delcared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Te-Moak Bands of W. Shoshone Indians of Nev. v. United States, 948 F.2d 1258, 1260 (Fed. Cir. 1991).

In this case, the government does not consent to the plaintiffs' proposed amendment but rather opposes plaintiffs' motion on the grounds that allowing the changes would be futile, unduly prejudicial, and cause undue delay. The plaintiffs counter that defendants have long been on notice that plaintiffs would challenge defendant's statute of limitations defense on the basis of equitable tolling and that their equitable tolling allegations are not frivolous. In addition, plaintiffs contend that this court has jurisdiction to entertain their breach of contract claim. Finally, plaintiffs argue that because they sought to amend their complaint before the close of discovery in this case, amending the complaint would not constitute undue delay or prejudice to the defendant.

The court agrees with the plaintiffs that their complaint may be amended to include allegations supporting equitable tolling but agrees with the government that amending the complaint to include the breach of contract allegations would be both futile and unduly prejudicial.

**I. Equitable Tolling Allegations**

**A. Futility**

Though the equitable tolling argument may prove difficult for plaintiffs to win on the merits, plaintiffs' proposed amendment of their complaint to include allegations supporting such an argument would not give rise to a claim so frivolous that it should be disallowed as futile. See, e.g., Croskey v. United States, 24 Cl. Ct. 420, 423 (1991) ("Most courts when considering a 'futility' defense to a motion to amend a complaint will discern whether a pleading is frivolous and insufficient on its face or has been adequately addressed in the prior litigation."(internal quotation omitted)); Scott Timber Co. v. United States, 44 Fed. Cl. 170, 182 (1999) ("A motion to amend is futile where the proposed claim is frivolous and insufficient on its face, ... or where the proposed claim would not withstand a motion to dismiss." (internal quotation omitted)). Plaintiffs' equitable tolling allegations are sufficient to meet the low bar against frivolous claims at the pleadings stage, and therefore allowing plaintiffs to amend the pleadings in this way would not be futile. Whether plaintiffs' allegations are sufficient to establish equitable tolling or whether equitable tolling is allowable are issues that should be addressed on the merits.

**B. Undue Prejudice**

The government argues that the plaintiffs' proposed amendment regarding equitable tolling allegations would require additional discovery – particularly into plaintiffs' state of mind – not contemplated by the earlier proceedings in this case, thereby causing undue prejudice to the government. Contrary to the government's contentions, the record clearly indicates that the issue of equitable tolling was not only raised by the plaintiffs over the course of this litigation, but specifically discussed. See, e.g., Status Conf. Tr. 3:5-8:18, May 23, 2006. Indeed, the collective action notice sent to the prospective Porta/Barth plaintiffs expressly identified plaintiffs' equitable tolling claim. Notice of Collective Action and Opportunity to Join at 5 ¶ 9 ("the Plaintiffs contend that you may recover for damages on overtime earned more than three years ago if the Court determines that, in the interests of equity, the statute of limitations should not apply. The United States disagrees."). Thus, the government had notice that the plaintiffs would raise allegations of equitable tolling in response to the government's statute of limitations defense, and allowing plaintiffs to amend the complaint to include such allegations would not unduly prejudice the government.

**II. Breach of Contract Allegations**

**A. Futility**

It is well-settled that "federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual

relationship with the government." Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985). Thus, because

> public employment does not, give rise to a contractual relationship in the conventional sense[,] ... [a] plaintiff may not base his theory of recovery on contract law since he was a federal employee. Federal officials who by act or word generate expectations in the persons they employ, and then disappoint them, do not ipso facto create a contract liability running from the Federal Government to the employee, as they might if the employer were not the government.

Schism v. United States, 316 F.3d 1259, 1275 (Fed. Cir. 2002) (internal quotation omitted). In light of the clear, black-letter law barring breach of contract claims arising out of the employment relationship between public employees and the United States, the plaintiffs' proposed amendment regarding breach of contract allegations would not survive a motion to dismiss.[1] As such, it would be futile to allow plaintiffs to amend their complaint to include those allegations.

**B. Undue Prejudice**

Moreover, because the plaintiffs have not advanced allegations of breach of contract prior to this point in the litigation, allowing them to amend the complaint to reflect such allegations now would unduly prejudice the government. Indeed, in contrast to the equitable tolling claim, there was no mention of a breach of contract theory in the collective action notice, but rather the plaintiffs indicated from the outset that this was "a

[1] In support of their contention that this court has jurisdiction to hear a breach of contract claim by a federal employee, plaintiffs cite Westover v. United States, 71 Fed. Cl. 635 (Fed. Cl. 2006). However, in Westover, the plaintiff alleged that the government breached particular terms in a settlement agreement regarding his employment. There is no such agreement involved in this case.

collective action under the Fair Labor Standards Act ("FLSA")." Notice of Collective Action and Opportunity to Join at 3 ¶ 3.

## CONCLUSION

In view of the foregoing, the court will allow the plaintiffs to amend their complaint to include allegations supporting equitable tolling, but the court will not allow the plaintiffs to amend the complaint to include allegations supporting breach of contract. Plaintiffs' motion for leave to file an amended complaint is therefore **GRANTED IN PART** and **DENIED IN PART.** Accordingly, plaintiffs shall file their amended complaint no later than **October 12, 2007.**

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge