# EXHIBIT 4

COPY

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED

SEP 6 2005

OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

1. **MANUEL A. ALVAREZ,**
2. ANDREW D. BARTH,
3. **JOSH A. BIANCHI,**
4. **JOSE A. CASTILLO,**
5. BRIAN J. CHANG,
6. JOHN E. COLSON,
7. FERNANDO DE LA RIVA,
8. **ARTURO DELCUETO,**
9. JUAN G. DELGADILLO,
10. ALFREDO DELGADO,
11. JAMES DUGOS,
12. SAMUEL E. ESTRADA,
13. JORGE L. FERNANDEZ,
14. CHRISTOPHER M. FUHRMANN,
15. ERNESTO A. GARDEA-FERNANDEZ,
16. WILLIAM A. GAY,
17. **JAMES R. GONZALEZ,**
18. **JAMES GOTSHAW,**
19. MATTHEW J. GRUPE,
20. CHRISTOPHER HALLATT,
21. JOHN T. HARTMAN,
22. CHRISTOPHER G. HEITZ,
23. RICHARD G. HYNES,
24. TODD W. JOHNSON,
25. JEREMY KITE,
26. **WILLIAM P. LANEY,**
27. JENNIFER LEMBKE,
28. JASON MAPLES,
29. VIKTOR A. MARTINEZ,
30. **CARLOS R. MARTOS,**
31. MICHAEL T. MCCUE,
32. RAMIRO MEJIA, JR.,
33. MARIBEL R. MERANZA,

CASE No. 05-759 C

Judge Bohdan A. Futey

**FIRST AMENDED COMPLAINT**



SEP 17 2005

**34. TRACY MIDDLETON,**
**35. ROBERTO MIRANDA,**
**36. MICHAEL R. NIMMO,**
**37. ENRIQUE R. NUNO,**
38. JULIAN A. OLIVAREZ,
39. JESUS S. PADILLA,
40. STEPHEN B. POTTER,
41. ANTHONY T. PURKETT,
42. BRIAN S. REED,
43. BRIAN K. ROBINSON,
**44. NABOR N. RODRIGUEZ,**
**45. DANIEL SANDEZ,**
46. BRENT SCHROEDER,
**47. ALEXANDER J. SEIGLA,**
48. ALEJANDRO SOTELO,
**49. BEAU J. STOVER,**
50. TIM J. TUCCIARONE,
51. RAMON VELARDE, JR.,
**52. OCTAVIO C. VIDRIO,**
53. GRANT M. WACHOB,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

## FIRST AMENDED COMPLAINT[1]

Plaintiffs[2], several employees of the Bureau of United States Customs and Border Protection ("CBP"), a special division of the United States Department of Homeland Security, complain against Defendant, the United States, as follows:

## I. INTRODUCTION

1. Plaintiffs are employed by the Defendant, United States Government ("GOVERNMENT"). Plaintiffs worked more than forty (40) hours per week for GOVERNMENT while training at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. Defendant unlawfully failed to pay Plaintiffs overtime for all hours they worked over forty (40) hours per week while training at FLETC.

## II. JURISDICTION

2. This is an action for unpaid overtime compensation, liquidated damages, declaratory relief, costs and attorney fees pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Federal Employee Pay Act ("FEPA") 5 U.S.C. §§ 5541 *et seq.*; and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

[1] The only modification to the complaint is the addition of seventeen (17) individuals as plaintiffs [1)Manual A. Alvarez, 2) Josh A. Bianchi, 3) Jose A. Castillo, 4) Arturo Delcueto, 5) James R. Gonzalez, 6) James Gotshaw, 7) William P. Laney, 8) Carlos R. Martos, 9) Tracy Middleton, 10) Roberto Miranda, 11) Michael R. Nimmo, 12) Enrique R. Nuno, 13) Nabor N. Rodriguez, 14) Daniel Sandez, 15) Alexander J. Seigla, 16) Beau J. Stover, and 17) Octavio C. Vidrio] whose written consent to sue are attached to this First Amended Complaint. They are all similarly situated to the original plaintiffs in that they are all employed by the Defendant GOVERNMENT and worked more than forty (40) hours per week for GOVERNMENT while training at the FLETC in Glynco, Georgia. The seventeen (17) were also not paid by GOVERNMENT for all hours they worked over forty (40) hours per week while training at FLETC. The names of the additional seventeen (17) individuals added as plaintiffs to this complaint are listed in **bold** letters in the above referenced case caption.

[2] All of the fifty-three (53) named plaintiffs may be referred to collectively in this Complaint as "Plaintiffs."

3. This Court has jurisdiction over the claims asserted in this Complaint pursuant to 29 U.S.C. § 216(b) of the FLSA; 28 U.S.C. § 1331 since this action arises under the laws of the United States; and 28 U.S.C. § 1491 giving this Court jurisdiction to render judgment on any claims against the United States generally.

## III. PARTIES

### A. Plaintiffs

4. Plaintiff Manuel A. Alvarez ("ALVAREZ") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by ALVAREZ, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

5. Plaintiff Andrew D. Barth ("BARTH") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by BARTH, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

6. Plaintiff Josh A. Bianchi ("BIANCHI") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by BIANCHI, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

7. Plaintiff Jose A. Castillo ("CASTILLO") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by CASTILLO, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

8. Plaintiff Brian J. Chang ("CHANG") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by CHANG, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this Complaint.

9. Plaintiff John E. Colson ("COLSON") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by COLSON, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

10. Plaintiff Fernando De La Riva ("DE LA RIVA") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by DE LA RIVA, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

11. Plaintiff Arturo Delcueto ("DELCUETO") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by DELCUETO, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

12. Plaintiff Juan G. Delgadillo ("DELGADILLO") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by DELGADILLO, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

13. Plaintiff Alfredo Delgado ("DELGADO") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by DELGADO, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

14. Plaintiff James Dugos ("DUGOS") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by DUGOS, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

15. Plaintiff Samuel E. Estrada ("ESTRADA") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by ESTRADA, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

16. Plaintiff Jorge L. Fernandez ("FERNANDEZ") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by FERNANDEZ, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

17. Plaintiff Christopher M. Fuhrmann ("FUHRMANN") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by FUHRMANN, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

18. Plaintiff Ernesto A. Gardea-Fernandez ("GARDEA-FERNANDEZ") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by GARDEA-FERNANDEZ, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

19. Plaintiff William A. Gay ("GAY") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by GAY, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

20. Plaintiff James R. Gonzalez ("GONZALEZ") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by GONZALEZ, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

21. Plaintiff James Gotshaw ("GOTSHAW") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of California. A consent form signed by GOTSHAW, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

22. Plaintiff Matthew J. Grupe ("GRUPE") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by GRUPE, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

23. Plaintiff Christopher Hallatt ("HALLATT") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by HALLATT, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

24. Plaintiff John T. Hartman ("HARTMAN") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by HARTMAN, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

25. Plaintiff Christopher G. Heitz ("HEITZ") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by HEITZ, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

26. Plaintiff Richard G. Hynes ("HYNES") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by HYNES, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

27. Plaintiff Todd W. Johnson ("JOHNSON") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by JOHNSON, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

28. Plaintiff Jeremy Kite ("KITE") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by KITE, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

29. Plaintiff William P. LANEY ("LANEY") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by LANEY, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

30. Plaintiff Jennifer Lembke ("LEMBKE") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by LEMBKE, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

31. Plaintiff Jason Maples ("MAPLES") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by MAPLES, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

32. Plaintiff Viktor A. Martinez ("MARTINEZ") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by MARTINEZ, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint

33. Plaintiff Carlos R. Martos ("MARTOS") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by MARTOS, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

34. Plaintiff Michael T. McCue ("MCCUE") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by MCCUE, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

35. Plaintiff Ramiro Mejia, Jr. ("MEJIA") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by MEJIA, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

36. Plaintiff Maribel R. Meranza ("MERANZA") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by MERANZA, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

37. Plaintiff Tracy Middleton ("MIDDLETON") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by MIDDLETON, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

38. Plaintiff Roberto Miranda ("MIRANDA") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by MIRANDA, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

39. Plaintiff Michael R. Nimmo ("NIMMO") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by NIMMO, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

40. Plaintiff Enrique R. Nuno ("NUNO") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by NUNO, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

41. Plaintiff Julian A. Olivarez ("OLIVAREZ") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by OLIVAREZ, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

42. Plaintiff Jesus S. Padilla is ("PADILLA") employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by PADILLA, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

43. Plaintiff Stephen B. Potter ("POTTER") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by POTTER, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

44. Plaintiff Anthony T. Purkett ("PURKETT") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of California. A consent form signed by PURKETT, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

45. Plaintiff Brian S. Reed ("REED") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by REED, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

46. Plaintiff Brian K. Robinson ("ROBINSON") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by ROBINSON, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

47. Plaintiff Nabor N. Rodriguez ("RODRIGUEZ") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by RODRIGUEZ, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

48. Plaintiff Daniel Sandez ("SANDEZ") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by SANDEZ, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

49. Plaintiff Brent Schroeder ("SCHROEDER") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of California. A consent form signed by SCHROEDER as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

50. Plaintiff Alexander J. Seigla ("SEIGLA") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by SEIGLA, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

51. Plaintiff Alejandro Sotelo ("SOTELO") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by SOTELO, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

52. Plaintiff Beau J. Stover ("STOVER") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by STOVER, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

53. Plaintiff Tim J. Tucciarone ("TUCCIARONE") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of California. A consent form signed by TUCCIARONE, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

54. Plaintiff Ramon Velarde, Jr. ("VELARDE") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by VELARDE, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

55. Plaintiff Octavio C. Vidrio ("VIDRIO") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by VIDRIO, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

56. Plaintiff Grant M. Wachob ("WACHOB") is employed by GOVERNMENT as a Border Patrol Agent, and is a resident of Arizona. A consent form signed by WACHOB, as required by the FLSA, 29 U.S.C. § 216(b), is attached to this First Amended Complaint.

**B. Defendant**

57. The Defendant GOVERNMENT includes the Federal Government of the United States and all of its subsidiaries and agencies, including but not limited to, the Bureau of United States Customs and Border Protection ("CBP"), a special division of the United States Department of Homeland Security.

58. With respect to the acts alleged in this Complaint, Defendant GOVERNMENT has acted principally through CBP. At all relevant times, the agents, officers, and representatives of the Defendant GOVERNMENT who took actions at issue here were duly authorized by the United States to take those actions.

59. The Defendant GOVERNMENT employs the Plaintiffs and other employees in similar activities and maintains operations in Washington, D.C.

## IV. FACTUAL BACKGROUND

60. All actions and omissions described in this Complaint were made by Defendant GOVERNMENT directly or through its supervisory employees and agents.

61. Defendant GOVERNMENT has employed Plaintiffs ALVAREZ, BIANCHI, CASTILLO, DELCUETO, DELGADILLO, GARDEA-FERNANDEZ, GONZALEZ, GRUPE, JOHNSON, LANEY, MAPLES, MARTOS, MERANZA, MIDDLETON,

MIRANDA, NIMMO, NUNO, OLIVAREZ, POTTER, REED, RODRIGUEZ, SEIGLA, and STOVER from the period, on or about, July 13, 2003, to the present.

62. Defendant GOVERNMENT has employed Plaintiffs CHANG, DUGOS and KITE from the period, on or about, October 6, 2003, to the present.

63. Defendant GOVERNMENT has employed Plaintiffs DELGADO, ESTRADA, FERNANDEZ, GAY, HYNES, ROBINSON, SANDEZ and SOTELO from the period, on or about, January 5, 2004, to the present.

64. Defendant GOVERNMENT has employed Plaintiffs BARTH, COLSON, DE LA RIVA, FUHRMANN, GOTSHAW, HALLATT, HARTMAN, HEITZ, LEMBKE, MARTINEZ, MCCUE, MEJIA, PADILLA, PURKETT, SCHROEDER, TUCCIARONE, VELARDE, VIDRIO and WACHOB from the period, on or about, February 2, 2004, to the present.

65. Plaintiffs were required by their employers, Defendant GOVERNMENT, to participate in training at FLETC located in Glynco, Georgia.

66. While participating in the training at FLETC, Plaintiffs were required by GOVERNMENT to attend training sessions which were regularly scheduled for 6 days per week, eight hours per day, thus working more than forty (40) hours per week for GOVERNMENT.

67. During their employment between July 13, 2003, and November 1, 2003, each of Plaintiffs ALVAREZ, BIANCHI, CASTILLO, DELCUETO, DELGADILLO, GARDEA-FERNANDEZ, GONZALEZ, GRUPE, JOHNSON, LANEY, MAPLES, MARTOS, MERANZA, MIDDLETON, MIRANDA, NIMMO, NUNO, OLIVAREZ, POTTER, REED, RODRIGUEZ, SEIGLA, and STOVER regularly and consistently worked more than forty (40) hours per workweek with the knowledge of the GOVERNMENT.

68. During their employment between October 6, 2003, and February 4, 2004, each of Plaintiffs CHANG, DUGOS and KITE regularly and consistently worked more than forty (40) hours per workweek with the knowledge of the GOVERNMENT.

69. During their employment between January 5, 2004, and April 24, 2004, each of Plaintiffs DELGADO, ESTRADA, FERNANDEZ, GAY, HYNES, ROBINSON, SANDEZ and SOTELO regularly and consistently worked more than forty (40) hours per workweek with the knowledge of the GOVERNMENT.

70. During their employment between February 2, 2004, and May 21, 2004, each of Plaintiffs BARTH, COLSON, DE LA RIVA, FUHRMANN, GOTSHAW, HALLATT, HARTMAN, HEITZ, LEMBKE, MARTINEZ, MCCUE, MEJIA, PADILLA, PURKETT, SCHROEDER, TUCCIARONE, VELARDE, VIDRIO and WACHOB regularly and consistently worked more than forty (40) hours per workweek with the knowledge of the GOVERNMENT.

71. The GOVERNMENT suffered or permitted the Plaintiffs to work these overtime hours.

72. GOVERNMENT paid Plaintiffs a biweekly salary.

73. The GOVERNMENT failed to pay Plaintiffs ALVAREZ, BIANCHI, CASTILLO, DELCUETO, DELGADILLO, GARDEA-FERNANDEZ, GONZALEZ, GRUPE, JOHNSON, LANEY, MAPLES, MARTOS, MERANZA, MIDDLETON, MIRANDA, NIMMO, NUNO, OLIVAREZ, POTTER, REED, RODRIGUEZ, SEIGLA, and STOVER any compensation at their normal hourly rate or overtime compensation for any all hours worked over forty (40) hours during a workweek between July 13, 2003, and November 1, 2003, and GOVERNMENT has failed to pay them for certain overtime they worked.

74. The GOVERNMENT failed to pay Plaintiffs CHANG, DUGOS and KITE any compensation at their normal hourly rate or overtime compensation for any all hours worked over forty (40) hours during a workweek between October 6, 2003, and February 4, 2004, and GOVERNMENT has failed to pay them for certain overtime they worked.

75. The GOVERNMENT failed to pay Plaintiffs DELGADO, ESTRADA, FERNANDEZ, GAY, HYNES, ROBINSON, SANDEZ and SOTELO any compensation at their normal hourly rate or overtime compensation for any all hours worked over forty (40) hours during a workweek between January 5, 2004, and April 24, 2004, and GOVERNMENT has failed to pay them for certain overtime they worked.

76. The GOVERNMENT failed to pay Plaintiffs BARTH, COLSON, DE LA RIVA, FUHRMANN, GOTSHAW, HALLATT, HARTMAN, HEITZ, LEMBKE, MARTINEZ, MCCUE, MEJIA, PADILLA, PURKETT, SCHROEDER, TUCCIARONE, VELARDE, VIDRIO and WACHOB any compensation at their normal hourly rate or overtime compensation for any all hours worked over forty (40) hours during a workweek between February 2, 2004, and May 21, 2004, and GOVERNMENT has failed to pay them for certain overtime they worked.

## V. FIRST CAUSE OF ACTION

## VIOLATION OF FLSA OVERTIME PAY REQUIREMENTS

77. The Plaintiffs adopt and incorporate paragraphs 1 through 76 as though fully set forth here.

78. At all relevant times, Plaintiffs were employees of the GOVERNMENT within the meaning of the FLSA, 29 U.S.C. § 203(e)(ii).

79. Plaintiffs are not employed in a bona fide executive, administrative or professional capacity within the meaning of the FLSA, and are not otherwise exempt from the overtime requirements of the FLSA.

80. Defendant GOVERNMENT is, and at material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(x) and 203(d). As such, GOVERNMENT is an employer engaged in an enterprise subject to the requirements of the FLSA.

81. Plaintiffs were engaged in commerce while working for the GOVERNMENT.

82. At all relevant times, GOVERNMENT knew that it was required to pay overtime compensation at the rate of one-and-one-half times the normal hourly rate to its employees who work more than forty (40) hours during a workweek, unless those employees are exempt from the overtime requirements of the FLSA.

83. GOVERNMENT failed to pay each of the Plaintiffs any compensation and/or overtime compensation at the rate of one-and-one-half times their normal hourly rate for all hours worked over forty (40) hours per workweek while attending training at FLETC, as part of Plaintiffs' employment with GOVERNMENT.

84. The GOVERNMENT violated § 207 of the FLSA (29 U.S.C. § 207), by failing to pay Plaintiffs ALVAREZ, BIANCHI, CASTILLO, DELCUETO, DELGADILLO, GARDEA-FERNANDEZ, GONZALEZ, GRUPE, JOHNSON, LANEY, MAPLES, MARTOS, MERANZA, MIDDLETON, MIRANDA, NIMMO, NUNO, OLIVAREZ, POTTER, REED, RODRIGUEZ, SEIGLA, and STOVER overtime compensation at a rate of one-and-one-half times their normal hourly rate for overtime hours they worked between July 13, 2003, and November 1, 2003.

85. The GOVERNMENT violated § 207 of the FLSA (29 U.S.C. § 207), by failing to pay Plaintiffs CHANG, DUGOS and KITE overtime compensation at a rate of one-and-one-half times their normal hourly rate for overtime hours they worked between October 6, 2003, and February 4, 2004.

86. The GOVERNMENT violated § 207 of the FLSA (29 U.S.C. § 207), by failing to pay Plaintiffs DELGADO, ESTRADA, FERNANDEZ, GAY, HYNES, ROBINSON, SANDEZ and SOTELO overtime compensation at a rate of one-and-one-half times their normal hourly rate for overtime hours they worked between January 5, 2004, and April 24, 2004.

87. The GOVERNMENT violated § 207 of the FLSA (29 U.S.C. § 207), by failing to pay Plaintiffs BARTH, COLSON, DE LA RIVA, FUHRMANN, GOTSHAW, HALLATT, HARTMAN, HEITZ, LEMBKE, MARTINEZ, MCCUE, MEJIA, PADILLA, PURKETT, SCHROEDER, TUCCIARONE, VELARDE, VIDRIO and WACHOB overtime compensation at a rate of one-and-one-half times their normal hourly rate for overtime hours they worked between February 2, 2004, and May 21, 2004.

88. By failing and refusing to pay the Plaintiffs the overtime pay required under law, the GOVERNMENT has violated, in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the Plaintiffs have been unlawfully deprived of overtime compensation and other relief.

89. The GOVERNMENT's failure to comply with the FLSA overtime protections caused the Plaintiffs to suffer loss of wages and interest thereon.

///

///

## VI. SECOND CAUSE OF ACTION

## VIOLATION OF FEPA OVERTIME PAY REQUIREMENTS

90. The Plaintiffs adopt and incorporate paragraphs 1 through 89 as though set forth here.

91. Section 5542 of the FEPA (5 U.S.C. 5541, *et seq.*), provides for the payment of overtime compensation to federal employees for "hours of work officially ordered or approved in excess of 40 hours in an administrative workweek or… in excess of 8 hours in a day…"

92. At all times relevant, Plaintiffs were "employees" and "law enforcement officers" of the GOVERNMENT as defined by § 5541, within the meaning of the FEPA.

93. Defendant GOVERNMENT is, and at material times has been, an "agency" as defined by § 5541, within the meaning of the FEPA.

94. At all relevant times, GOVERNMENT, through its the agents, officers, and representatives officially ordered and/or approved, Plaintiffs to work in excess of forty (40) hours in an administrative workweek while attending training at FLETC, as part of Plaintiffs' employment with GOVERNMENT.

95. At all times relevant, GOVERNMENT knew that it was required to pay overtime compensation at the rates set forth in § 5542 of the FEPA, to its employees who work in excess of forty (40) hours in an administrative workweek.

96. GOVERNMENT failed to pay each of Plaintiffs any compensation and/or overtime compensation for the work Plaintiffs performed in excess of forty (40) hours in an administrative workweek while attending training at FLETC, as part of Plaintiffs' employment with GOVERNMENT.

97. GOVERNMENT violated § 5542, of the FEPA, by failing to pay Plaintiffs overtime compensation for the work Plaintiffs performed in excess of forty (40) hours in an

administrative workweek while attending training at FLETC, as part of Plaintiffs' employment with GOVERNMENT.

98. As a result of Defendant GOVERNMENT's willful and purposeful violations of the FLSA and the FEPA, there have become due and owing the Plaintiffs various amounts that have not been precisely determined. The employment and work records for the Plaintiffs are in the exclusive possession, custody and control of the GOVERNMENT and its public agents and Plaintiffs are unable to state at this time the exact amounts owing to them. Defendant GOVERNMENT and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the Plaintiffs from which the amounts of GOVERNMENT's liability can be ascertained.

## VII. PRAYER AND RELIEF

WHEREFORE, having set forth their causes of action against the Defendant, Plaintiffs pray for judgment in their favor against the Defendant, The United States, as follows:

a. For monetary judgment, an amount to be proven at trial, equal to the unpaid overtime compensation due to Plaintiffs, as mandated by the FLSA and FEPA;

b. For monetary liquidated damages to be awarded to Plaintiffs, as allowed under 29 U.S.C. § 216(b), in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation;

c. For recovery of Plaintiffs' attorney's fees and costs, as allowed by 29 U.S.C. § 216(b) as well as other applicable laws and regulations;

d. For pre and post judgment interest in accordance with applicable law; and

e. For all relief that seems appropriate to the Court under the circumstances of this case, including a declaration pursuant to 28 U.S.C. § 2201 that the Plaintiffs are employees subject to all of the requirements of the FLSA, and are not exempt from overtime requirements of the FLSA.

Respectfully submitted,

DATED: September 2, 2005

GATTEY BARANIC LLP

BY: ______________________________
Michael P. Baranic
Attorneys for Plaintiffs Andrew D. Barth, *et al.*

GATTEY BARANIC LLP
2445 Fifth Avenue, Suite 350
San Diego, CA 92101-1677
(619) 232.8142 – Telephone
(619) 234-4553 – Facsimile