# EXHIBIT 9

**Lemko, Patty**

**From:** Hyde, David
**Sent:** Thursday, March 20, 2003 8:02 AM
**To:** lst-G-WPC
**Subject:** FW: FLSA and training--proposed response to steve cohen
**Importance:** High

Updated pay guidance for employees in training.

*David C. Hyde*
*Chief, Office of Civilian Personnel*
*Commandant, G-WPC*
*United States Coast Guard*
*202-267-0921*

-----Original Message-----
**From:** Allen, Melissa [mailto:Melissa.Allen@DHS.GOV]
**Sent:** Wednesday, March 19, 2003 4:52 PM
**To:** Victor Cerda; Guhman, Betty; Nicholson, David; Deborah Spero; Doug Browning; Rossides, Gale; Johnson, Harvey RADM; Camillo, Mark; Mike Becraft; Irving, Paul; Ron Castleman; McHale, Stephen; Allen, Thad VADM; Brooks, Vicki; Barbara Saliunas; Bob Smith; Cheryl Concepcion; Hyde, David; Deborah Short; Whitford, Richard; Doug Fehrer; Ellen King; Lil Stewert; Rick Hastings; Fisher, Thomas
**Cc:** Hale, Janet; Carnes, Bruce; Clark, Lucy
**Subject:** FW: FLSA and training--proposed response to steve cohen
**Importance:** High

This issue was raised during the HR Directors meeting on Tuesday. OPM has now provided clarification of their guidance which they are posting on their Web site.

Melissa J. Allen
Acting, Chief Human Capital Officer
Department of Homeland Security
(202)-786-0061
Melissa.Allen@dhs.gov

-----Original Message-----
**From:** Cohen, Steve [mailto:SRCOHEN@opm.gov]
**Sent:** Wednesday, March 19, 2003 3:36 PM
**To:** Allen, Melissa
**Subject:** FW: FLSA and training--proposed response to steve cohen
**Importance:** High

our staff made a mistake in the original guidance we provided agencies in response to specific questions we received in the fall of 2001 about 6-day training courses at the Federal Law Enforcement Training Center (FLETC). We are now attempting to correct that mistake. In fact, we were planning to post a Q & A on our Web site today to address this issue (copy attached). The draft Q & A has been reviewed and approved by OGC staff (Jim Green). We apologize for any inconvenience the new guidance may pose for all involved

Background:

This question arose as a result of FLETC's decision to expand its training courses to accommodate agencies' increased demands for training of law enforcement officers as a direct result of the attacks on September 11. In response to questions we received at the time, we responded that FLSA-nonexempt employees are NOT entitled to receive overtime pay for time spent in entry-level training on the sixth day of a 6-day training course, because time spent in apprenticeship or other entry-level training outside regular working hours is not considered hours of work under 5 CFR 551.423(a)(3).

However, time spent in training during "regular working hours" is considered hours of work (5 CFR 551.423(a)(1)), and "regular working hours" is defined in our regulations as including the days and hours of an employee's regularly scheduled administrative workweek, which is scheduled in advance of the administrative workweek.

Our new guidance will state that FLSA-covered (nonexempt) employees are entitled to receive overtime pay for time spent in entry-level training on the sixth day of a 6-day training course if they are scheduled in advance of the administrative workweek to attend the 6-day training class for a specified number of hours (e.g., 8 hours). Those regularly scheduled training hours on the sixth day are "regular working hours" and are considered hours of work for overtime pay purposes.

Agencies will be responsible for determining whether an employee is entitled to receive overtime pay for regularly scheduled training hours under these conditions and will likely need to recompute affected employees' overtime pay entitlements and provide back pay and interest under 5 CFR part 550, subpart H.

3/20/2003

**Time Spent in Training as Hours of Work for FLSA-Covered Employees**

**Question #1:** Are employees covered by the Fair Labor Standards Act (FLSA) entitled to receive overtime pay for time spent in entry-level training on the sixth day of a 6-day training course?

**Answer #1:** FLSA-covered (nonexempt) employees are entitled to receive overtime pay for time spent in entry-level training on the sixth day of a 6-day training course under the conditions specified below.

Time spent in apprenticeship or other entry-level training **outside regular working hours** is not considered hours of work, provided no productive work is performed during such periods (see 5 CFR 551.423(a)(3)). However, under 5 CFR 551.423(a)(1), time spent in training **during regular working hours** is considered hours of work. The regulations at 5 CFR 551.421 clarify that, for purposes of part 551, "regular working hours" means the days and hours of an employee's regularly scheduled administrative workweek established under 5 CFR part 610. The phrase "regularly scheduled administrative workweek" is defined in 5 CFR 610.102 as the period within an administrative workweek within which an employee is regularly scheduled to work. Also, see the definition of "regularly scheduled work" in 5 CFR 610.102, which hinges on whether the work was scheduled in advance of the administrative workweek.

When FLSA-covered employees are scheduled in advance of the administrative workweek to attend a 6-day entry-level training class for a specified number of hours (e.g., 8 hours), those **regularly scheduled training hours** on the sixth day are "regular working hours" and are considered hours of work for overtime pay purposes. For example, an FLSA-covered employee who is required to attend a 6-day training session at the Federal Law Enforcement Training Center (FLETC) is entitled to overtime pay for the sixth day of training, since the employee was scheduled in advance of the administrative workweek to attend the FLETC training course. Because the regularly scheduled training hours on the sixth day are considered to be "regular working hours" (and the training will not occur outside regular working hours), it is irrelevant that the FLETC training is entry-level training and that no productive work is being performed.

Agencies are responsible for determining whether an employee is entitled to receive overtime pay for regularly scheduled training hours under the conditions specified above. Agencies may need to recompute an employee's overtime pay entitlement and provide back pay under 5 CFR part 550, subpart H, for overtime hours that occurred during regularly scheduled training.

**Question #2:** May an employee receive compensatory time off in lieu of overtime pay for attending an extended training session or course?

**Answer #2:** No. By law, compensatory time off may be approved instead of overtime pay for irregular or occasional (unscheduled) overtime hours of work. See 5 U.S.C. 5543(a). If an employee is scheduled in advance of his or her administrative workweek to attend an

extended training course, such training would not be irregular or occasional (unscheduled) overtime hours. Therefore, the employee may not receive compensatory time off instead of overtime pay for the extended training hours. Please see OPM's fact sheet on compensatory time off for further guidance (http://www.opm.gov/oca/pay/HTML/COMP.HTM).

(Note: Employees on flexible work schedules may earn compensatory time off for regularly scheduled overtime hours, as provided in 5 U.S.C. 6123(a)(1) and 5 CFR 550.114(b) and 551.531(b). However, employees usually are not on flexible work schedules during periods of training.)