# EXHIBIT 12

U.S. DEPARTMENT OF LABOR
OFFICE OF THE ASSISTANT SECRETARY
WASHINGTON, D.C. 20210

JUL 13 1978

Mr. Seymour Gettman, Chief
Office of Leave and Pay Administration Policy
Bureau of Policies and Standards
U.S. Civil Service Commission
Washington, D.C. 20415

Dear Mr. Gettman:

This is in comment on the proposed draft regulations to administer the Fair Labor Standards Act (FLSA) in the Federal sector.

We are concerned about draft Section 551.411, The Workday. This section as written has no discernible relationship to the Title 5 "workday" as provided for in Sections 610.111 and 610.121 of the published Civil Service Regulations. It also seems unrelated to what sounds like the Part 610 concept of "an employee's regular working hours" as used (but not defined) in draft Sections 551.421, 551.422, and 551.423.

We strongly urge that an attempt be made to redefine the "workday" of this regulation so that it does relate directly both to the "workday" of Part 610 and to "an employee's regular working hours" as used elsewhere in the draft. Federal supervisors and timekeepers already have enough difficulty in understanding and applying two overtime laws, without the added burden of having to deal with two different "workdays".

Otherwise, we find the draft acceptable as written.

Sincerely,

for Margaret H Sisson
D. E. LEMMON
Director of Personnel Management

Confidential-Subject to Protective Order
MOR-3693

# Memorandum

U.S. CIVIL SERVICE COMMISSION

Subject: Draft FPM Regulations on FLSA

Date: JUL 26 1978

In Reply Refer To: PME:INF

Your Reference:

From: John J. Lafferty, Director
New York Region

To: D.W. Brown
Pay and Leave Administration Section
Bureau of Policies and Standards
U.S. Civil Service Commission
1900 "E" Street, N.W.
Washington, D.C. 20415

Overall, the draft of Part 551 of Title 5, Code of Federal Regulations is a good job. It does much to clarify FLSA for the user. We have listed suggestions below, however, which we believe should assist you in completing a final issuance.

- The term "regular working hours," as it is used in Sections 551.421, 551.422, 551.423, and 551.425, is not defined. A clear definition is necessary because the regulations covering time spent in travel, training, adjusting grievances, and charitable activities appear to be inapplicable to intermittent employees, who have no "regular working hours," days, or administrative work weeks. We cannot determine if it is intended that intermittent employees be excluded from the provisions of these sections.

- The wording in Section 551.501 could be made clearer. One is "paid", rather than "employed," at a "regular hourly rate," rather than an "hourly regular rate."

- Some examples would make Section 551.511(b)(3) clearer. Presumably "payments at the sole discretion of an agency" refer to such things as incentive awards. However, would not a quality step increase be included in "total remuneration" rather than excluded as a discretionary payment?

- Paragraphs (a) and (c) of Section 551.521 appear to contradict each other. Since under paragraph a, "a quarter of an hour (is) the largest fraction of an hour used for crediting overtime work," perhaps paragraph c, "an employee be compensated for every minute of regularly scheduled overtime work" should be modified. (Emphasis added.)

*Keep Freedom in Your Future With U.S. Savings Bonds*



**Confidential-Subject to Protective Order**
**MOR-3694**