# EXHIBIT 13

3-24-03

**Baker, Donald Bryce**

**From:** Baker, Bryce
**Sent:** Monday, March 24, 2003 9:51 AM
**To:** Perrini, Jo Ann; Draper, Vicki L.; Winstead, Don
**Cc:** Watson, Melanie
**Subject:** Regular working hours

I just wanted to mention sometime. See 5 U.S.C. 5542(b)(2)(A). Under title 5, travel time during an employee's "regularly scheduled administrative workweek" (which includes regularly scheduled overtime hours) is hours of work. Under OPM's FLSA regulations at 5 CFR 551.422(a)(1), travel time during "regular working hours" is hours of work. Thus, it makes sense for OPM to interpret "regular working hours" to mean the regularly scheduled administrative workweek to ensure consistency between title 5 and FLSA. (If we didn't, the hours would still be creditable under the more generous title 5 rule, since the hours of work rules are merged together so that the most generous rule is honored.)

Thus, if we somehow end up entertaining the idea of redefining the term "regular working hours" in our FLSA regulations, we would have to create an inconsistency between title 5 and FLSA as far as travel time is considered. Again, since we use the most generous rule, there would be no adverse impact, but it might look a bit strange. I note that it would be very difficult to justify having different meanings of "regular working hours" for different purposes (e.g., travel vs. training), so we would have to have one consistent meaning. (The only options for interpreting "regular working hours" besides "regularly scheduled administrative workweek" are (1) nonovertime hours or (2) regularly recurring work hours (which would have to be further defined and may be problematic).)

I have found in the old FLSA history files that OPM (Dwight Brown) interpreted the term "regular working hours" to include regularly scheduled overtime pay as far back as 1976. The regulation in 551.421 wasn't modified to clarify this until 1983.

Bryce



MOR-220