# EXHIBIT 16

Lotus cc:Mail for Wayne Coleman

**Date:** 2/13/2003 1:44 PM
**Sender:** Wayne A Coleman
**To:** john.p.cahill@usdoj.gov
**Priority:** Urgent
**Subject:** Fwd: FLSA and training

John,

As promised

Wayne Coleman
202-305-0117
Check out the Pay Wizard at
http://powerport.ins/hrd/paywizard/index.htm
Also when you need answers to your pay questions
e-mail them to the Pay Questions cc:mail box

Forward Header
Subject: RE: FLSA and training
Author: gwilson@fs.fed.us
Date: 2/13/2003 1:32 PM

Here is Vicki's response to my questions.

$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$
Gary M. Wilson
Program Manager for Pay, Attendance & Leave
e-mail: gwilson@fs.fed.us
phone: (703) 605-0865
fax: (703) 605-5105
$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$
----- Forwarded by Gary Wilson/WO/USDAFS on 02/13/2003 01:29 PM -----

"Draper, Vicki L."
To: "'Gary Wilson'" <gwilson@fs.fed.us>
<VLDRAPER@opm.go
cc:

Subject: RE: FLSA and training

12/18/2002 10:34 AM

Gary,

Regrettably, our original determination was incorrect. We recently revisited this issue after realizing that the term "regular working hours" is defined in 5 CFR 551.421. When we read the regulations at 5 CFR 551.423(a)(1) in conjunction with the 551.421, it is clear that if the nonexempt employees are scheduled in advance of the administrative workweek to attend a 6-day training class, those regularly scheduled training hours on the 6th day are "regular working hours" and constitute hours of work for overtime pay purposes.

According to 5 CFR 551.423(a)(3), time spent in apprenticeship or other entry level training outside regular working hours shall not be considered hours of work provided no productive work is performed during such periods. However, because the regularly scheduled training hours on the 6th day are considered to be regular working hours (and the training will not occur outside regular working hours), it is irrelevant that this is an apprenticeship program and no productive work is being performed.

In response to your last question, this is not optional. If the training occurs during regular working hours, as discussed above, the time spent in training on the 6th day is considered hours of work and the employees are entitled to overtime pay. This also applies to the employees who formerly received training at the Federal Law Enforcement Training Center.

I sincerely apologize for any inconvenience our previous determination may have caused.

Vicki Draper
Team Leader, Premium Pay and Hours of Work
Pay and Leave Administration Division
Office of Compensation Administration
(202) 606-2858

-----Original Message-----
From: Gary Wilson [mailto:gwilson@fs.fed.us]
Sent: Wednesday, December 18, 2002 8:55 AM
To: Draper, Vicki L.
Subject: RE: FLSA and training

Vicki--

Thank you for sending me a copy of your opinion on Mr. Stribling's questions. Our letter was issued in February 2002 and was based on our discussions ( I talked to you 2 months before our first class under the new 6-day schedule) last January. I see by your current determination that overtime is now appropriate. This is a class that each law enforcement officer or special agent must pass or they are out of the law enforcement job. So this was looked upon as an apprenticeship program. The trainees report to the FLETC before they are assigned to their first post of duty.

But we do know that they will be in basic training for 6 days a week. Was the original determination wrong? Is it optional, so that we can change our policy and start the overtime at the next class or is this a retroactive decision, and we should be paying overtime from the beginning? These trainees are not producing any "productive" work while at the school.

"Productive" meaning they are not performing work for the agency during these weeks, it is strictly training. Thanks for your help on this.

$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$

Gary M. Wilson
Program Manager for Pay, Attendance & Leave
e-mail: gwilson@fs.fed.us
phone: (703) 605-0865
fax: (703) 605-5105

$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$

"Draper, Vicki L."
To: "Claude Stribling (cstribling@fs.fed.us)" <cstribling@fs.fed.us>
<VLDRAPER@opm.go
cc: "Bracey, Shirley J." <SJBracey@opm.gov>, "Gary Wilson
(GWilson@fs.fed.us)"

Subject: RE: FLSA and training

12/17/2002 03:30 PM

Mr. Stribling,

This responds to your inquiry regarding time spent in entry level training as hours of work for FLSA-nonexempt employees.

Under 5 CFR 551.423(a)(3), time spent in apprenticeship or other entry level training....outside regular working hours shall not be considered hours of work, provided no productive work is performed during such periods, except as provided by 5 CFR 410.402(b). Under 5 CFR 551.423(a)(1), time spent in training during regular working hours shall be considered hours of work.

However, the regulations at 5 CFR 551.421 clarify that, for purposes of part 551, "regular working hours" means the days and hours of an employee's regularly scheduled administrative workweek established under 5 CFR part 610. The phrase "regularly scheduled administrative workweek" is defined in 5 CFR 610.102 as the period within an administrative workweek within which an employee is regularly scheduled to work. Also see the definition of "regularly scheduled work" in 5 CFR 610.102, which hinges on whether the work was scheduled in advance of the administrative workweek.

This means that, when FLSA-nonexempt employees are scheduled in advance of the administrative workweek to attend a 6-day training class for a specified number of hours (e.g., 8 hours), those regularly scheduled training hours on the 6th day are "regular working hours" and are considered hours of work for overtime pay purposes.

Vicki Draper
Team Leader, Premium Pay and Hours of Work
Pay and Leave Administration Division
Office of Compensation Administration
Office of Personnel Management
(202) 606-2858

---Original Message-----

From: Claude Stribling [mailto:cstribling@fs.fed.us]

Sent: Tuesday, December 17, 2002 1:21 PM
To: payleave@opm.gov
Cc: Laura Giovannini

Subject: RE: FLSA and training

Please see my original message (attached), also the reply and recommendation from Shirley Bracey, OPM Raleigh. Can you provide guidance on this issue? We may be going full circle, because the memo in question references OPM input on this decision. Thank you.

Wilt Stribling, US
Forest Service

----- Forwarded by Claude Stribling/R8/USDAFS on 12/17/2002 01:16 PM -----

"Bracey, Shirley J."
To: "'Claude Stribling'" <cstribling@fs.fed.us>
<SJBracey@opm.go
cc:

Subject: RE: FLSA and training

12/17/2002 08:51 AM

I've spoken with my Deputy Director about your issues and he recommends that you contact our pay policy people in DC. They can be reached at (202) 606-2858 or you may e-mail them at payleave@opm.gov. If I can be of further assistance, please let me know.

Shirley Bracey
Office of Personnel Management
Human Resources Specialist
Phone: 919-790-2817
Fax: 919-790-2722

-----Original Message-----

From: Claude Stribling [mailto:cstribling@fs.fed.us]
Sent: Thursday, December 12, 2002 5:52 PM
To: sjbracey@opm.gov
Cc: Claude Stribling

Subject: FLSA and training

Thank you so much for your time today. In response to your request, I am sending this message of explanation regarding our conversation.

I am a US Forest Service Law Enforcement Officer, stationed on Pisgah National Forest in Hot Springs, NC. I am a member of a national committee (Multicultural Advisory Group, or MAG), which is an advisory committee to the Director of Law Enforcement for the US Forest Service.

We accept issues from the field and attempt to aid in resolution by making recommendations to the Director, after due research.

One issue which we are currently exploring is this: We have GS 5 and GS 7 non exempt employees who are required to attend the Federal Law Enforcement Training Center (FLETC) in Brunswick, GA, immediately after they are hired, for basic law enforcement training. FLETC is the training center for most

federal enforcement entities, and is operated by the Treasury Department.

Our trainees are GS5, GS 7, and GS 9 employees, in the GS 1802 series. Since the massive influx of trainees in the Air Marshals' training since 9/11, FLETC has gone to a six day per week training schedule to expedite training duration and put more people in the field more quickly. Our basic training now stands at 17 weeks based on 5 day weeks, so the 6 day weeks should be reducing that to approximately 14 weeks.

Our agency Human Resources Director has ruled that these trainees are not entitled to overtime compensation for the 6th day each week.

Without repeating his entire memo, I will give pertinent exerpts. I will fax the memo if needed. The memo is on official letterhead from the United States Forest Service Headquarters in Washington, DC.

Opening sentence of the memo is (all following are direct quotes): "You have asked this office for guidance regarding several pay related matters. In consultation with the Office of Personnel Management, here is our guidance:"

"Question: Will expanding to 6 days a week from the traditional 5 days cause any change in our pay policy for training? Will we have to pay overtime for the extra day per week?"

"Answer " **(here there is a paragraph related to exempt employees, then the following...) "The second group of employees is covered by the FLSA. These employees are usually in the GS 462 (Forestry Technician) or GS 1802 (Law Enforcement Officer) series. The regulation that addresses the earning of premium pay for FLSA covered employees while on a training assignment is found in 5 CFR 551.423."

"In order to apply this regulation we have to determine if the employee is being directed to the training in order to improve the employee's performance of the duties and reponsibilities in his/her current position. If this is the case then all hours spent in training are considered hours of work and are compensable."

"If, however, the time spent is considered apprenticeship or entry-level training, hours outside his/her regularly scheduled working hours are not considered hours of work (not compensable), provided no productive work is performed during this period. In other words, if an employee is allowed to work on a case or answer mail from the employee's home unit, then overtime must be paid."

"Question: Are employees currently receiving annual premium pay under administratively uncontrollable overtime (AUO) to continue receiving AUO during basic training?"

"Answer: No. Administratively uncontrollable overtime is not appropriate when training is longer than 60 workdays or exceeds an aggregate of 60 workdays in a year. Therefore, any employee who attends the basic training course (which is longer than 60 days) must be taken off AUO during the training period (5 CFR 550.162(c)(2) ). Since the employee is not receiving AUO, the time spent in basic training will not be counted in the quarterly computation review." END QUOTE. The memo is signed, Steve Nelson, Director of Human Resources Management. (Washington DC)

It is my understanding that other agencies, such as the National Park Service (Dept of Interior), and Bureau of Land Management (Dept of Interior) are paying their trainees overtime for the sixth day, so there

are discrepancies within a given class group, since the classes are composed of a variety of land management enforcement agencies, such as US Fish and Wildlife Service, Tennessee Valley Authority, etc.

My purpose is not to initiate a formal grievance or complaint. My purpose is to determine if this is an appropriate ruling, based on OPM's understanding of FLSA. Forest Service management has indicated that they are not opposed to paying the trainees overtime if the present ruling is incorrect. If OPM's opinion on this issue is contrary to the present ruling, then management will very likely voluntarily make backpayments for the affected trainees and initiate proper application of FLSA for future trainees, without a formal grievance process being initiated.

Thank you very much for your consideration of this matter. I look forward to hearing from you.
Wilt Stribling, US Forest Service
ofc phone 828 622 3202, x4012

-------------------------------
-- Even though this E-Mail has been scanned and found clean of
-- known viruses, OPM can not guarantee this message is virus free.
-------------------------------
-- This message was automatically generated.
-------------------------------

Thank you for your comments. We will take appropriate action.
Jo Ann

-----Original Message-----
From: Cahill, John P [mailto:John.P.Cahill@usdoj.gov]
Sent: Wednesday, February 19, 2003 4:02 PM
To: 'Perrini, Joanne (OPM)'
Cc: Krumsiek, Paul; Chris Cejka (E-mail); Elizabeth Daly (E-mail); Yvette.Ross@atf.gov; Smith, Sue; Coleman, Wayne A
Subject: Training at FLETC

Joanne--

You asked for my view on the best way for OPM to communicate a change in its position on the payment of FLSA overtime pay for entry-level training at the FLETC.

It is apparent that OPM has, in the past, given verbal advice to several agencies on this topic, and that agencies have relied on that advice for several months. Should OPM decide to change that advice, it must be done in a way that speaks for OPM officially. (A staff E-mail to a sub-component of one agency just does not cut the mustard when millions of dollars are involved.)

Since a policy change on the meaning of OPM's regs is not specific to agencies that happen to use the FLETC, but rather has potentially an impact on every agency, I would prefer that OPM send a memo to all agencies. Short of such a memo, a Q &A on OPM's Web site would be second best. In either case, I presume that your GC would sign off.

John P. Cahill
U.S. Department of Justice
Personnel Staff
1331 Pennsylvania Ave., NW
Room 1110
Washington, DC 20530

Voice: (202) 616-3712
FAX: (202) 514-6827
E-mail: john.p.cahill@usdoj.gov
Web: http://www.usdoj.gov/jmd/ps

--------------------------------
-- Even though this E-Mail has been scanned and found clean of
-- known viruses, OPM can not guarantee this message is virus free.
--------------------------------
-- This message was automatically generated.
--------------------------------