# EXHIBIT 18

**Draper, Vicki Lynn**

**From:** Winstead, Donald J
**Sent:** Tuesday, June 24, 2003 9:41 AM
**To:** Hausser, Doris L
**Cc:** Cohen, Steven R; Sanders, Ronald P; Robbins, Mark A; Green, James S; Mikowicz, Jerome D; Perrini, Jo Ann C; Draper, Vicki Lynn; Baker, Donald Bryce
**Subject:** RE: FLETC 6th day of training--another LEO issue
**Importance:** High

We discussed this issue with Melissa Allen and Kay Frances Dolan yesterday afternoon. They say they need an official OPM legal opinion to which their General Counsel can react. I think this is a way of covering for the fact that nothing has happened since our policy and legal staffs met with theirs on this issue in March, despite attempts by OPM's General Counsel to reach out to DHS. (Steve says they never returned our calls.) Nevertheless, Ron asked my staff to help OGC prepare a formal legal opinion on this issue, which can be shared with the Director and then with DHS' General Counsel. At the same time, DHS will obtain a more detailed analysis of the cost implications of OPM's interpretation from FLETC and share it with us for review. (DHS apparently has already alerted OMB staff to this issue, so we need to give OMB a heads up about the cost implications before issuing our opinion.)

If, after all this, DHS still disagrees with OPM's interpretation, it may decide to take this issue to the Office of Legal Counsel (OLC) at Justice for resolution. Of course, there is a strong possibility that this issue will be litigated if we wait too long to answer this question or if OLC ends up agreeing with DHS.) In the meanwhile, DHS' potential back pay liability continues to accrue, and OPM will not be in a position to give anyone (in DHS or elsewhere) its legal interpretation.

Jerry/Vicki—Bryce will be in touch with you on this issue later today.

-----Original Message-----
**From:** Hausser, Doris L
**Sent:** Friday, June 20, 2003 9:20 AM
**To:** Winstead, Donald J; Cohen, Steven R; Sanders, Ronald P
**Cc:** Mikowicz, Jerome D; Perrini, Jo Ann C; Draper, Vicki Lynn; Kara, Lee B; Kitchelt, Kevin M; Herzberg, Sharon A
**Subject:** FW: FLETC 6th day of training--another LEO issue

After getting filled in on this by Don last night, I think we can abandon the *Qui tacet* rule and actually wait to hear something back from Melissa and Kay Frances next week before proceeding with the post.

--Doris

-----Original Message-----
**From:** Hausser, Doris L
**Sent:** Thursday, June 19, 2003 6:05 PM
**To:** Winstead, Donald J; Cohen, Steven R; Sanders, Ronald P
**Cc:** Mikowicz, Jerome D; Perrini, Jo Ann C; Draper, Vicki Lynn; Kara, Lee B; Kitchelt, Kevin M; Herzberg, Sharon A
**Subject:** RE: FLETC 6th day of training--another LEO issue

I've been watching this from the sidelines. I was prepared to hold coats as needed, but it looks like things have gotten sorted out.
I trust we can proceed after a couple of days next week (i.e., without waiting for JoAnn to get back) and that we'll use the handy *Qui tacet consentit* rule as needed.

--Doris

-----Original Message-----

DEPOSITION EXHIBIT
PENGAD 800-631-6989
Plfs 25
4/30/06 abr

MOR-131

**From:** Winstead, Donald J
**Sent:** Thursday, June 19, 2003 5:51 PM
**To:** Cohen, Steven R; Sanders, Ronald P
**Cc:** Hausser, Doris L; Mikowicz, Jerome D; Perrini, Jo Ann C; Draper, Vicki Lynn; Kara, Lee B; Kitchelt, Kevin M; Herzberg, Sharon A
**Subject:** RE: FLETC 6th day of training--another LEO issue

I just spoke with Steve, who said we should tell Melissa and/or Kay Frances that we believe we have an obligation to resolve this matter and give them a couple of days to react before we issue anything. Melissa and Kay Frances are on leave this week, so we'll raise this issue with them on Monday.

-----Original Message-----
**From:** Cohen, Steven R
**Sent:** Thursday, June 19, 2003 5:42 PM
**To:** Winstead, Donald J; Sanders, Ronald P
**Cc:** Hausser, Doris L; Mikowicz, Jerome D; Perrini, Jo Ann C; Draper, Vicki Lynn; Kara, Lee B; Kitchelt, Kevin M; Herzberg, Sharon A
**Subject:** RE: FLETC 6th day of training--another LEO issue

Don, you were the one who pushed for an answer as to when OPM could issue the guidance. I got you that answer from our General Counsel's office.

-----Original Message-----
**From:** Winstead, Donald J
**Sent:** Thursday, June 19, 2003 5:28 PM
**To:** Cohen, Steven R; Sanders, Ronald P
**Cc:** Hausser, Doris L; Mikowicz, Jerome D; Perrini, Jo Ann C; Draper, Vicki Lynn; Kara, Lee B; Kitchelt, Kevin M; Herzberg, Sharon A
**Subject:** RE: FLETC 6th day of training--another LEO issue
**Importance:** High

I'm concerned about doing this without talking to Melissa Allen or Kay Frances Dolan first. Should we put this on the agenda for our 3:00 meeting on Monday with the Senior Leadership Team?

-----Original Message-----
**From:** Perrini, Jo Ann C
**Sent:** Thursday, June 19, 2003 1:24 PM
**To:** Mikowicz, Jerome D; Winstead, Donald J; Sanders, Ronald P; Hausser, Doris L
**Cc:** Draper, Vicki Lynn; Kara, Lee B; Kitchelt, Kevin M; Herzberg, Sharon A
**Subject:** FLETC 6th day of training--another LEO issue
**Importance:** High

Jim Green visited me to say [redacted]

We will post the Q&A on OPM's web site and send out a message on the paylistserver. I'll wait until COB today to see if any of you yell "STOP!"

Jo Ann

Here's the Q&A in case you forgot what we are going to say.

**Time Spent in Training as Hours of Work for FLSA-Covered Employees**

**Question #1:** Are employees covered by the Fair Labor Standards Act (FLSA) entitled to receive overtime pay for time spent in entry-level training on the sixth day of a 6-day training course?

**Answer #1:** FLSA-covered (nonexempt) employees are entitled to receive overtime pay for time spent in entry-level training on the sixth day of a 6-day training course under the conditions specified below.

Time spent in apprenticeship or other entry-level training **outside regular working hours** is not considered hours of work, provided no productive work is performed during such periods (see 5 CFR 551.423(a)(3)). However, under 5 CFR 551.423(a)(1), time spent in training **during regular working hours** is considered hours of work. The regulations at
5 CFR 551.421 clarify that, for purposes of part 551, "regular working hours" means the days and hours of an employee's regularly scheduled administrative workweek established under
5 CFR part 610. The phrase "regularly scheduled administrative workweek" is defined in
5 CFR 610.102 as the period within an administrative workweek within which an employee is regularly scheduled to work. Also, see the definition of "regularly scheduled work" in 5 CFR 610.102, which hinges on whether the work was scheduled in advance of the administrative workweek.

When FLSA-covered employees are scheduled in advance of the administrative workweek to attend a 6-day entry-level training class for a specified number of hours (e.g., 8 hours), those **regularly scheduled training hours** on the sixth day are "regular working hours" and are considered hours of work for overtime pay purposes. For example, an FLSA-covered employee who is required to attend a 6-day training session at the Federal Law Enforcement Training Center (FLETC) is entitled to overtime pay for the sixth day of training, since the employee was scheduled in advance of the administrative workweek to attend the FLETC training course. Because the regularly scheduled training hours on the sixth day are considered to be "regular working hours" (and the training will not occur outside regular working hours), it is irrelevant that the FLETC training is entry-level training and that no productive work is being performed.

Agencies are responsible for determining whether an employee is entitled to receive overtime pay for regularly scheduled training hours under the conditions specified above. Agencies may need to recompute an employee's overtime pay entitlement and provide back pay under
5 CFR part 550, subpart H, for overtime hours that occurred during regularly scheduled training.

**Question #2:** May an employee receive compensatory time off in lieu of overtime pay for attending an extended training session or course?

**Answer #2:** No. By law, compensatory time off may be approved instead of overtime pay for irregular or occasional (unscheduled) overtime hours of work. See 5 U.S.C. 5543(a). If an employee is scheduled in advance of his or her administrative workweek to attend an extended training course, such training would not be irregular or occasional (unscheduled) overtime hours. Therefore, the employee may not receive compensatory time off instead of overtime pay for the extended training hours. Please see OPM's fact sheet on compensatory time off for further guidance (http://www.opm.gov/oca/pay/HTML/COMP.HTM).

(Note: Employees on flexible work schedules may earn compensatory time off for regularly scheduled overtime hours, as provided in 5 U.S.C. 6123(a)(1) and 5 CFR 550.114(b) and 551.531(b). However, employees usually are not on flexible work schedules during periods of training.)