# EXHIBIT 31

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THOMAS C. PORTA, et al., and ANDREW D. BARTH, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | No. 05-14210C & No. 05-759C CONSOLIDATED (Judge Firestone) |

DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTIONS TO <u>DEFENDANT'S JUNE 15, 2006, NOTICE OF AGENCY ACTION</u>

Defendant provides this reply to plaintiffs' objections and request for relief filed today, June 19, 2006, in anticipation of the telephone status conference scheduled for tomorrow, June 20, 2006.

As an initial matter, defendant informs the Court that official notification was delivered on June 16, 2006, by electronic mail, to the third-party employees to whom the agency paid backpay and interest on December 23, 2005, April 19, 2006, March 1, 2006, and June 9, 2006. This filing constitutes official notification to plaintiffs' counsel of payment on June 9, 2006, to the following five plaintiffs that joined this action on the same day as payment (the agency has not notified these plaintiffs directly): Paul G. Knowles, Victor Williams, Eric Sarraillon, Jose Alvarado, and Oscar Peru. The substance of the electronic mail notification sent to third parties follows:

> Subject: 6th day Training Payments
>
> The Office of Personnel Management (OPM) determined that FLSA nonexempt employees are entitled to overtime pay for certain hours spent in basic training at the Federal Law Enforcement Training Center (FLETC).
>
> The agency records show that you attended training at FLETC for six days a week, eight hours a day for several weeks and were not paid for this sixth day. The retroactive payment for the sixth day of training at FLETC you attended has been direct deposited to your account on June 9, 2006. The agency is aware this payment was overdue and therefore this payment also included interest to compensate you for not having the use of your monies during the time it was earned.
>
> The agency appreciates your patience regarding this matter. If you have not received your payment by June 19, 2006, please contact Assistant Chief Patrol Agent Richard Hudson at (202) 344-2050 or HR Specialist Alethea Smalls at (202) 344-3885.

This notification will also be sent to any other third parties who have been, or will be, paid backpay plus interest, including the actual dates of payment in the notification.

As is apparent from the notification itself, the agency has made no statements to the third parties regarding this action, or regarding plaintiffs' pending claims for backpay and liquidated damages in this action, which were fully explained in plain language in the notice of collective action agreed upon by the parties sent by the agency. Plaintiffs' counsel's objections to the agency's payments and notifications are without merit, as are his accompanying assumptions, speculation, and innuendo regarding

the intentions of the Government.

Contrary to plaintiffs' assertions, the Government has not admitted liability for any violation of the FLSA in this case, although it has repeatedly admitted that it did not pay plaintiffs for the sixth 8-hour day of entry-level training per week at the FLETC. The Government also has not admitted the truth of Mr. Coleman's statements, although it has not moved to strike the declaration, nor has it denied that it is an accurate representation of Mr. Coleman's views. The Government also intends to produce Mr. Coleman for deposition in a related case. Plaintiffs' counsel misrepresents that the Government "takes the position that it can inform current Plaintiffs that they can recover partial payment if they drop out of the suit," Plaintiff's Opposition at 2-3, which the Government has not contended. To the contrary, the Government has noted that the agency has no authority to compromise claims in this action; any formal offers of settlement from plaintiffs would be given due consideration by authorized Government officials.

There is no reason for the Court to assume, as plaintiffs' counsel alleges, without support, that the agency had a nefarious motive in deciding to pay its employees backpay and an additional voluntary payment of ten percent interest. Further, the Government's determination that proper resolution of plaintiffs' claims should be by settlement or Court judgment should not lead

to an inference that plaintiffs in this action are being penalized or encouraged to dismiss their claims in order to be paid administratively by the agency.

Finally, although the act of being paid backpay plus ten percent interest may convince some third parties not to join this action, such a decision is by no means necessarily uninformed or unreasonable. Similarly situated individuals were given clear notice of this case, and are able to make their own decisions regarding joinder, or may also seek counsel from the Getman Law Firm or another attorney or law firm.

Plaintiffs appear to urge the Court to encourage or require every potential plaintiff to join this case, to the point of permitting such joinder at any time, even post-judgment. The Court has the authority and discretion to manage communications to some extent in a collective action such as this case, but such "intervention . . . is distinguishable in form and function from the solicitation of claims." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171, 174 (1989). The other decisions plaintiffs cite to support their request concerned improper communications that are not involved here, or that otherwise violated Court orders. For instance, in Belt v. EmCare, Inc., 299 F.Supp.2d 664, 673-74 (E.D. Tex. 2003) ("The purpose of this communication is to respond to certain questions you may have concerning a lawsuit entitled *June Belt v. EmCare, Inc., et al.*"), the

defendant's communication presented the specific views of the defendant regarding that litigation. In addition, other than Hoffman, which regards the Court's authority to regulate communications, none of the cited cases are binding upon this Court. Plaintiffs have provided no authority to support their contention that the agency should be prohibited from paying third-party employees and ex-employees backpay and an additional voluntary payment, and plaintiffs have presented no rational argument that the agency's clear notification of such payment should be restricted.

As to plaintiffs' specific requests for relief, we offer the following reply. 1) The agency's notice to third parties is clear upon its face, and requires no additional Court-ordered notice to explain that it does not fully resolve plaintiffs' claims in this action, especially in light of the Court-ordered notice that was already approved and sent. 2) Even if the agency has admitted any liability to any third parties or plaintiffs in this case by paying such individuals or sending notification to such individuals, such liability already has been satisfied. The Government has not admitted any liability to the plaintiffs in this action who have not been paid, nor has the Government admitted any liability for interest or liquidated damages. 3) Plaintiffs' vague reference to "improper activity" and "similar activity" provides little basis to reply. The Government has

explained in detail the agency action at issue, and has offered to provide them notice of future payments and notices if the Court so requires. 4) Agency payments of its own admitted liabilities, if any, should not be enjoined merely to remedy unsupported allegations of "chilling participation" in this action. 5) Individuals have been allowed ample time to join this action. Joinder post-judgment would not only be questionable as a matter of law, but the purpose of such joinder is unclear, and such relief should be denied. 6) To the extent that plaintiffs' counsel's fees are reasonable, the FLSA provides a mechanism for recovery of such fees by prevailing parties, which should be followed in this case, if applicable. Finally, plaintiffs have not specified any particular "unlawful means" that they intend to remedy.

To the extent that plaintiffs attempt to involve the Court in the day-to-day operations of the agency's business, such involvement should be rejected. The agency has demonstrated that it acts in good faith to meet its responsibilities, and that it provides only the most essential and unbiased information about its actions. There is no support for any of plaintiffs' counsel's vague allegations that the agency has had any improper communications with any plaintiffs or third parties related to this case.

Defendant respectfully requests that the Court deny plaintiffs' request for injunctive and other relief in its objections filed on June 19, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 307-0292
Fax: (202) 514-8624

June 19, 2006

Attorneys for Defendant

Case 1:05-cv-14210-NBF Document 21 Filed 06/19/2006 Page 8 of 8

CERTIFICATE OF FILING

I hereby certify that on this 19th day of June 2006, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTIONS TO DEFENDANT'S JUNE 15, 2006, NOTICE OF AGENCY ACTION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease